# Burd *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Sewer inlet—Streets.*

Where the cover of a sewer inlet is broken, and remains unrepaired for at least two weeks with actual notice to the city department, and becomes covered with muddy water mixed with slush and ice, a woman who steps upon it without any knowledge of its existence, and is injured by its giving away under her, may recover from the city damages for her injuries.

Argued Jan. 13, 1909. Appeal, No. 326, Jan. T., 1909, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1906, No. 3,155, on verdict for plaintiff in case of Margaret C. Burd v. City of Philadelphia. Before FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Robert Brannan,* assistant city solicitor, with him *Frederick Beyer,* assistant city solicitor, and *J. Howard Gendell,* city solicitor, for appellant.

*Maurice W. Sloan,* for appellee.

PER CURIAM, March 8, 1909:

The top of a sewer inlet was at the curb in the line of a street crossing. The iron cover of the inlet was broken and had fallen in or was in such a condition that it would fall if stepped on. This condition had existed for at least two weeks and it had been reported to the proper city department. In midwinter,

following a thaw, the inlet was clogged with dirt so as to obstruct the flow of water, and muddy water mixed with slush and ice extended from the curb two or three feet into the street, entirely covering and obscuring the top of the inlet. The plaintiff in crossing the street stepped into the inlet or on the cover, which gave way.

It appeared from the plaintiff's testimony that she could have avoided the water and reached the pavement by making a few steps to one side of the crossing. From this it is argued that she took the chance of dangers that were concealed under the muddy water. She had no knowledge of the existence of the inlet and the collection of water gave her no notice of it, since this might have been caused by the clogging of the gutter with slush and ice. The chance she took in walking on a regular street crossing partly covered by water, which she could have avoided, was danger caused by the usual irregularities of the surface, but not danger of an unusual character that she had no reason to apprehend.

It was not error to submit the case to the jury, and the judgment is affirmed.