## McGowan *v.* City of Coatesville, Appellant.

*Negligence—Municipalities—Defective sidewalks—Sewer—Coverings—Case for jury.*

In an action of trespass to recover damages for personal injuries it appeared that the plaintiff was injured by stepping on a metal plate forming the covering of a sewer intake, which tilted, causing him to fall. Evidence was produced that the construction failed to provide any support to the plate to prevent its tipping, when stepped upon next to the sidewalk; that it was of such appearance and was so located that pedestrians in the proper use of the street were likely to step upon it, and that it had been frequently displaced at various intervals sometime prior to the accident.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

Argued November 21, 1921. Appeal, No. 205, Oct. T., 1921, by defendant, from judgment of C. P. Chester Co., Jan. T., 1921, No. 126, on verdict for plaintiff, in the case of J. H. B. McGowan v. City of Coatesville. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BUTLER, P. J.

The jury rendered a verdict in favor of the plaintiff for $525, on which judgment was entered. Defendant appealed.

The facts are stated in the following opinion of the court below discharging rule for judgment non obstante veredicto:

The defendant seeks judgment nothwithstanding the verdict, contending that the evidence did not warrant a finding that its negligence caused plaintiff's accident, and that plaintiff's contributory negligence appeared as matter of law.

The plate over the sewer intake, which plaintiff and one of his witnesses testified tilted when plaintiff stepped

upon it, causing his accident, was contiguous to, if not an actual part of the crossing over the gutter, was in appearance an extension of the sidewalk safe to step upon, and was located where pedestrians assembled to take the trolley cars.

Under these circumstances the jury was warranted in finding that the defendant should have foreseen that pedestrians would be likely to step upon the plate and meet with some such accident as befell plaintiff, unless care was exercised to make the plate secure. There was certainly sufficient evidence for a finding that, as plaintiff and his witness testified, when plaintiff stepped upon the plate it tilted and threw him, and the jury was warranted in finding that this tilting was due either to the plate when in place, not being provided with proper support—plaintiff testified that he examined it shortly after the accident and that it was provided with no support next the sidewalk where it went down with him—or was due to the plate being somewhat displaced at the time of the accident, so that it lost the support it would have had if in place. Faulty, negligent construction in respect of the plate is what plaintiff complained of, and if the construction was such that the plate in place was so insufficiently supported that pedestrians were likely to suffer injury through its tilting, or if the construction was such that the plate was likely to be, and was to the constructive knowledge of defendant, frequently somewhat displaced in the use of the street by trucks, and thus was likely to lack proper support, and to tilt when stepped upon by pedestrians, the jury was warranted in finding that negligence on the part of the city, as charged, caused plaintiff's accident. Witnesses whose business placed them where they had almost constant opportunity to observe the plate, testified that from the time it was put in place on July of 1920, down to the time of the accident in December, 1920, the plate was frequently more or less displaced, and that at times defendant's employees would allow as much as a day to pass, before

readjusting it. The jury was told that if the defendant should have foreseen that pedestrians would in the proper use of the street, step on the plate, and the accident happened, as plaintiff claimed, through the tilting of the plate as he stepped on it, and that this was due to the negligence on defendant's part, either in negligently failing to provide it with support when in place, or in negligently maintaining it in such insecurity, that, to defendant's constructive knowledge, the plate was, in the use of the street, frequently more or less displaced and likely to become unsafe and cause an accident such as befell plaintiff, then they, the jury, would be warranted in finding that plaintiff's accident was due to defendant's negligence. The defendant's chief and assistant engineers testified that the plate when in place, could not tilt, was properly supported. The chief said it was not practicable to make the construction safer, the assistant, on being asked why they used two plates instead of one large one, said because they were getting along with materials they had on hand. It cannot be held as matter of law that plaintiff was guilty of contributory negligence in crossing the street to be in position to board the approaching trolley car, and in placing himself where, because of the near approach of an automobile and the presence in front of him of another pedestrian, it became convenient for him to step upon the iron plate which was contiguous to the crossing over the gutter. The law requires automobiles approaching a crossing to be under vigilant control so as to avoid striking pedestrians using the crossing, and specially in view of this duty on the part of the automobile driver, the plaintiff crossing the street when and as he did, to take an approaching trolley car, could not properly be declared guilty of negligence by the court, even though when he was about to step upon the sidewalk, the automobile was close to him.

In conclusion, we may say that while we have reviewed the manner in which this case was submitted to the jury,

that is not really germane to the issue defendant raises by its rule for judgment. No complaint is made of the manner of submission, the entire contention is that the case should not have been submitted at all, and that consequently judgment should now be entered for defendant. With plaintiff and one other witness testifying that the plate tilted when plaintiff stepped upon it, causing his accident; with plaintiff's testimony positively to the point that the construction failed to provide any support to the plate to prevent its tipping when stepped upon next the sidewalk; with the facts apparent that this plate was of such appearance and so located that pedestrians in the proper use of the street were likely to step upon it, the conclusion is irresistible that the question had to be submitted to the jury, whether defendant had been guilty of negligence causing plaintiff's accident; and for the reasons before stated we think it equally clear that the question of plaintiff's contributory negligence was for the jury.

The rule for judgment is dismissed.

*Error assigned,* among others, was the judgment of the court.

*Walter E. Greenwood,* for appellant.

*William Tregay,* for appellee.

PER CURIAM, April 17, 1922:

Every disputed question of fact was carefully submitted by the trial judge for the consideration of the jury. The verdict returned was fully warranted by the evidence.

The reasons given for refusing a judgment n. o. v. are a complete answer to appellant's argument on this appeal.

The assignments of error are overruled and the judgment is affirmed.