## Schwabenland v. Philadelphia, Appellant.

Argued December 5, 1935. Before FRAZER, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*I. G. Gordon Forster,* with him *John J. K. Caskie,* Assistant City Solicitors, with him *David J. Smyth,* City Solicitor, for appellant.

*Robert M. Bernstein,* with him *Albert J. Bader,* for appellee.

OPINION BY MR. JUSTICE LINN, January 6, 1936:

The single complaint presented is that the court did not rule that plaintiff's husband was guilty of contributory negligence. The question was submitted to the jury.

Decedent, with his wife and minor child, drove to 5632 Gainor Road, Philadelphia, about 9 : 30 p. m., November 14, 1930. The night was rainy and misty. He parked his car on the right side of the street adjacent to the curb, and with his family, called at that address. The rear of the car was about even with the end of a sewer inlet in the sidewalk alongside the curb. Over the inlet were two square iron covers ⅝ of an inch thick, each weighing 42 pounds. The sidewalk consisted of a paved strip about five feet wide with a grass plot between it and the curb. The shadows from a tree standing "a few feet east of the sewer opening" helped to ob-

scure a view of the inlet covers. About a quarter of an hour later, when the parties came from the house to enter their car, decedent assisted his wife and child into the car and then walked towards the rear on the dirt portion next to the sidewalk, intending to go around and enter the driver's seat from the road. When he reached a point opposite the rear of the car, he stepped on one of the sewer covers, which, two days before, defendant's employees had removed and had not properly set in place. His step tilted the iron cover; the corner of it penetrated his groin and inflicted injury from which he died five days later. The trap, resulting from the failure to set the cover properly, was not easily discernible; a witness, who lived on the opposite side of the street and had seen the city's employees removing refuse from the sewer opening, testified that, on the night when she examined it, before the accident, she had to bend over it to observe the defective condition. Decedent was not familiar with the sidewalk, although he had been at the house several times before. Appellant suggests that he should have gone round the front of his car instead of the rear, or should not have attempted to cross or walk on the dirt plot at a point where he could not see clearly. But this is not a case where a pedestrian knowingly rejects a lighted way for one that is unsafe, or comes in contact with a dangerous condition that he should have expected. According to the evidence, which the verdict establishes as true, the insecurely-placed cover created a condition which even ordinary observation would not reveal: Cf. Burd v. Phila., 223 Pa. 654, 73 A. 6; McGowan v. Coatesville, 79 Pa. Superior Ct. 255.

Judgment affirmed.