Rigler et al., Appellants, *v.* Philadelphia et al.

Argued January 10, 1936. Before KEPHART, C. J., SCHAFFER, LINN and BARNES, JJ.

*Samuel J. Becker,* for appellants.

*Harry S. Platowsky,* with him *John J. K. Caskie,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 23, 1936:
Plaintiffs, husband and wife, brought this suit against the City of Philadelphia to recover damages for injuries to the wife caused by her falling into a drain which

crossed the pavement on which she was walking. The trial judge entered a compulsory nonsuit, which the court in banc declined to take off. Plaintiffs appeal.

The record discloses these facts: Plaintiff, accompanied by her father, was walking at night along the sidewalk. She was not familiar with the locality. It was dark. The sidewalk was six feet nine inches wide. In the middle of it were flagstones four feet wide. The space outside the flagstones on each side was unpaved. Across the sidewalk extending its full width was a drain box five inches wide and four inches deep into which a drain spout emptied. The drain box was not completely covered even for the width of the flagstones. There was an iron lid or cover on it about two feet long opposite the center of the flagstones. When plaintiff reached the drain box, she evidently stepped on the end of the cover, it tilted, her foot went into the drain box and she was thrown and injured. There was testimony that the conditions of the drain box and cover as they were on the night when plaintiff fell had existed for more than a year.

From the testimony and the photographs which were offered in evidence, it is manifest that a patently dangerous condition existed in the sidewalk, somewhat in the nature of a trap, likely to cause injury to a pedestrian at night, of which the city had constructive notice by the lapse of time during which it had existed. On its facts and in principle the case somewhat resembles *Schwabenland v. City of Philadelphia*, 320 Pa. 304, in which a sewer manhole cover in a sidewalk tilted when stepped upon, causing death, and in which we held the municipality liable.

We are of opinion that the case was for the jury and that it was error to enter a nonsuit.

The judgment is reversed with a procedendo.