## Thomas Bruch, Appellant, *v.* City of Philadelphia.

*Negligence—Municipalities—Defect in sidewalk.*

Persons walking on the pavements of a large city are not bound to exercise extraordinary care. They have the right to assume that the pavements are reasonably safe, and that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them. Care according to circumstances is all that the law enjoins.

*Negligence—Municipalities—Defective sidewalk—Referee—Findings of fact—Act of May 14, 1874.*

A case against a city to recover damages for personal injuries to plaintiff caused by his falling into a hole in a defective sidewalk, at night, was referred to a referee. Plaintiff was unacquainted with the walk, and had no knowledge of the defect. There was evidence of an electric light not very far from the hole, and also evidence that this light dazzled the eyes of the traveler so that he could not see a defect in the pavement. The plaintiff testified that at the time of the accident he was walking along without looking around or about, "minding my own business;" that he did not see the hole until he fell into it, and that "you could see it by looking at it carefully." The referee found that the plaintiff was not guilty of contributory negligence. The court was of the opinion that the plaintiff's testimony showed contributory negligence, and for that reason reversed the referee. *Held,* that, as the plaintiff's testimony was susceptible of two meanings, the case would have been for the jury if that method of trial had been adopted; and the referee having been substituted for the jury his finding of fact was conclusive on defendant.

The power of a referee appointed under the Act of May 14, 1874, P. L. 166, is the same to all intents and purposes as that of a judge who, under the Act of April 22, 1874, P. L. 109, by agreement, finds the facts and determines the law of the issue; and the referee's findings of fact are as conclusive as the verdict of a jury.

Argued Jan. 18, 1897. Appeal, No. 570, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1894, No. 80, for defendant on report of referee. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries. Before McMICHAEL, J.
Exceptions to report of referee.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in sustaining exceptions to referee's report.

*Jos. R. Embery*, with him *William Embery*, for appellant.—
The gist of the error of the court is that no question of contributory negligence was raised by the plaintiff's testimony, and
if there was some evidence it was for the referee : Merriman
v. Borough, 158 Pa. 78; Ely v. Ry., 158 Pa. 233; Glase v.
Philadelphia, 169 Pa. 492.

The act of May 14, 1874, under which the reference was
made, clothes the referee with the same authority as a judge
trying a case without a jury under the act of April 22, 1874 :
City v. Linnard, 97 Pa. 249; Act of May 14, 1874, P. L. 166.

The conclusion of a judge under the act of April 22, 1874,
on the facts of the case, must be regarded in the same manner
as the verdict of a jury : Gonser'v. Smith, 115 Pa. 460; Bradlee & Co. v. Whitney & Kemmerer, 108 Pa. 362; R. R. v.
Moyer, 125 Pa. 510.

*Alex. Simpson, Jr.*, with him *Leonard Finletter*, for appellee.—If the testimony was capable of the interpretation attempted to be put upon it by the referee, and relied on by
appellant's counsel, it would come within the well-established
rule of Carroll v. R. R., 2 Penny. 159; Bell v. R. R., 122 Pa.
58; Cauley v. R. R., 98 Pa. 498.

OPINION BY MR. JUSTICE DEAN, July 15, 1897 :

On the night of April 12, 1894, the plaintiff, while walking
on the pavement of west side of Kensington avenue, in Philadelphia, on his way to his 'home, stepped into a hole, fell, and
was seriously injured.    The hole was about four feet long, narrow, irregular or crescent-shaped, and had been in the pavement
for three months.    Plaintiff was fifty-four years of age, with
sense of sight unimpaired.    There were electric lights at Clearfield street and Indiana avenue, both eighty to one hundred
yards distant from where he fell; there was also a lamp on the
same side of the street about forty-four yards off, but it did not
clearly appear this was lighted that night.

A witness who resided on the same side of the street near the
place of accident, testified, that on walking in the direction plaintiff was going, the electric light was under an awning, and so
dazzled the eyes of the traveler that he could not see clearly in
front of him, and especially could not see the pavement.    Plaintiff had never walked on that side of the street before.

He alleged his injury was caused by the city's negligence in not maintaining a reasonably safe sidewalk, and brought suit for damages. The case was referred to George de B. Meyers, Esq., under act of 1874, to find the facts and apply the law, who, after hearing all the evidence, found: ·

1. The negligence of the city caused the accident. 2. The evidence did not show contributory negligence on part of plaintiff. 3. That plaintiff had sustained damages to the amount of $2,750, and so reported to the court.

On exceptions to the report the court approved the finding of the referee as to negligence of city, but dissented from that which declared the plaintiff free from contributory negligence, and accordingly set aside the report and entered judgment for the city. From that judgment, plaintiff appeals.

The referee was appointed under act of May 14, 1874. We have held in City v. Linnard, 97 Pa. 249, that his power is the same to all intents and purposes, under such appointment, as that of a judge, who, under the act of April 22, 1874, by agreement finds the facts and determines the law of the issue. The referee's findings of fact, then, are as conclusive as the verdict of a jury. If, under the evidence of plaintiff in this case before a jury, the trial judge would have been bound to direct a compulsory nonsuit, or to peremptorily direct the jury to find for defendant, then the court below properly entered judgment for defendant; but, if the question of contributory negligence would have been for the jury, then the court committed error in setting aside the report: Bradlee & Co. v. Whitney & Kemmerer, 108 Pa. 362.

The learned judge of the court below was of opinion plaintiff's own evidence disclosed a case of contributory negligence, and for that reason set aside the report. The evidence on which the court found one way and the referee another is as follows: " Q. What were you doing as you walked along that night? A. I wasn't doing anything; only walking along. Q. Were you looking out in any way, round or about you? A. No, sir, minding my own business. Q. Did you see the hole? A. No, sir, not till I fell into it. I seen it then. Q. How do you mean? A. When I got up I seen it. Q. Could you see it? A. Oh, yes, you could see it by looking at it carefully."

Here, we have two entirely competent and impartial tribunals placing antagonistic interpretations upon the same language.   The interpretation put upon this testimony by the court is, first, that by plaintiff's own admission, he was not looking where he was going, and second, that the exercise of ordinary care in the use of his eyes would have disclosed the hole, and he would have avoided stepping into it.   If this were the only interpretation that could be put upon this language, or if it were manifestly the only reasonable one, the conclusion of contributory negligence on part of plaintiff was warranted, and the settled law would have barred a recovery.   But, the witness says positively he was not looking around or about him.   If he had been looking across the way, or gazing up at the stars, that is, looking around or about him, he certainly would not have been exercising the ordinary care required of a foot traveler.   What was he doing?   He says "minding my own business."   That business just then was to look where he was going, and that degree of care is all the law required.

But, as a further admission of negligence on which the judgment of the court is based, he said he did not see the hole until he fell into it; when he got up, he saw it, and then he could see it by looking at it carefully.   This is the identical experience of the most careful man who has met with such an accident.   In the exercise of ordinary care he does not see a peril, otherwise he would avoid it; he falls into an excavation, crawls out, and by looking carefully, with all his senses quickened by the mishap, he sees and realizes the cause.   By the exercise of extraordinary care before the accident he might have discovered that which was not ordinarily observable.   But, the public walking on the pavements of a large city, are not bound to exercise extraordinary care; care according to the circumstances, is all the law enjoins.   They have the right to assume the pavements are reasonably safe, and that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them.

While we will not undertake to say the interpretation put upon plaintiff's testimony by the learned judge of the court below was clearly a wrong one, we are of opinion it was not clearly the only one of which it was susceptible, and was not clearly the right one; hence, the evidence would have been for the jury if that method of trial had been adopted; and the

referee having been substituted for the jury, his finding of fact is conclusive on defendant: Ely v. Railway Co., 158 Pa. 233.

The authorities cited by appellee are unquestionably the law, but they do not touch the question on which the case turns. No precedent can control a jury or referee in determining what a witness means when he uses language warranting distinct and opposite inferences. They must determine his meaning, not only from his words, but from his manner and all the surrounding circumstances, and find whether he was careful or careless. Therefore, the judgment is reversed, the finding of fact by the referee adopted, and judgment is now entered for plaintiff on his report.