Miller *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Defect in street—Contributory negli-
gence—Case for jury.*

In an action by a woman against a city to recover damages for
personal injuries, the question of the plaintiff's contributory negligence
is for the jury, where the evidence tends to show that plaintiff leading a
little child and incumbered with parcels, stepped into a pool of water
in the cartway of a street, that the pool was about twenty inches in
diameter and about eighteen inches deep, that it had been left after
certain street repairs had been made, and in no way indicated on its
surface anything more than a pool produced by a rainfall, that plaintiff
knew nothing of the depth of the pool, and that she did not go around
it because other persons were crossing at the same time on both sides
of her.

Argued Oct. 7, 1914.   Appeals, Nos. 273 and 274,
Oct. T., 1913, by defendant, from judgment of C. P.
No. 4, Phila. Co., June T., 1912, No. 3,390, on verdict
for plaintiff in case of John W. Miller and Laura Miller,
his wife, v. City of Philadelphia.   Before RICE, P. J.,
ORLADY, HEAD, HENDERSON, KEPHART and TREXLER,
JJ.   Affirmed.

470, (1914).]    Statement of Facts—Opinion of the Court.

.Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for John W. Miller for $70.00 and for Laura Miller for $200. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Boylan,* with him *Paul Reilly,* assistant city solicitors, and *Michael J. Ryan,* city solicitor, for appellant.

*Lincoln L. Eyre,* for appellees.

OPINION BY ORLADY, J., November 16, 1914:

The appellant concedes that the only question involved in this case is, whether Mrs. Miller was guilty of contributory negligence which induced the injuries for which she recovered in this action. The facts are free from controversy. She was holding her four-year-old child by the hand, and accompanied by her sister and another woman they were walking on the south side of Arch street toward Third, in the direction of the river. As they passed the southwest corner of Third and Arch a pool of water was noticed on the crossing. The two women walked around it. Mrs. Miller with her child attempted to step over it; when, as she described it, "I stepped across with my left foot and my foot went into the hole over my shoe—I had on high shoes. I had hold of my little fellow by the left hand, had a small purse with my cabas in my right hand, and not having anything to support myself I fell forward on my face, hit my head on one of the stones or blocks." The pool of water was described as being eighteen, to twenty to twenty-four inches in diameter, and the hole under the water of a depth of eighteen to twenty

inches from the top of the curb of the street. A verdict was returned in her favor for $130, and one of $70.00 in favor of her husband.

The street had been dug up for the purpose of laying wooden block on a concrete bed, and an opening was left at this place after the other work had been completed. This condition had existed for a considerable time before the accident. There was nothing in the appearance of the street surface to indicate that there was any defect at this crossing unless it could be inferred from the fact that this pool of water, which was in the line of travel, should have put her on notice of a dangerous place under its surface. It was contended that this small body of water indicated nothing more than a slight depression in the surface of the crossing, such as are always produced by a rainfall, and that she had no reason to suspect that it was anything more than of a depth to wet the soles of her shoes.

It was held in Cramer v. Aluminum Co., 239 Pa. 120: "Where the issue of contributory negligence has been submitted to the jury, a finding in favor of the plaintiff will not be set aside unless, upon a review of the evidence in the light most favorable to the plaintiff, it is inconceivable that a mind desiring only a just and proper determination of the question could reasonably reach any other conclusion than that the plaintiff had brought about or contributed to the injury by his own carelessness. That is, after determining all doubts and drawing all inferences in favor of the plaintiff, it must be clear that he was guilty of contributory negligence before it can be so ruled as a matter of law." And in Burd v. Philadelphia, 223 Pa. 654, "It appeared from the plaintiff's testimony that she could have avoided the water and reached the pavement by making a few steps to one side of the crossing. From this it is argued that she took the chance of dangers that were concealed under the muddy water. She had no knowledge of the existence of the inlet, and the collection of water gave

her no notice of it, since this might have been caused by the clogging of the gutter with slush and ice.  The chance she took in walking on a regular street crossing partly covered by water, which she could have avoided, was danger caused by the usual irregularities of the surface, but not danger of an unusual character that she had no reason to apprehend."

The rule so announced was followed by this court in Brown v. Milligan, 33 Pa. Superior Ct. 244, and in Powell v. Wilhelm, 49 Pa. Superior Ct. 268, in which we said: "The reasonable care which the law exacts of all persons, in whatever they do involving the risk of injury, requires travelers on the footways of public streets to look where they are going; but this does not necessarily imply that the pedestrian must keep his eyes constantly and at every moment upon the pavement.  If there is a conflict of testimony, or, for any cause, there is a reasonable doubt as to the facts, or as to the inferences to be drawn from the facts established by the evidence, the contributory negligence of the pedestrian is a question for the jury."

Under the testimony in this case, in regard to the size, location and appearance of the hole in the crossing, concealed as it was by the pool of water, and the crowded condition of the sidewalk, it is quite clear that the question of her contributory negligence was for the jury and not the court.

The judgment is affirmed.