## Dunn *v.* West View Borough, Appellant.

*Negligence—Borough—Defective sidewalk—Contributory negligence—Case for jury.*

In an action by a woman fifty-six years old against a borough to recover damages for personal injuries suffered by a fall on a defective plank sidewalk, the question of defendant's negligence and plaintiff's contributory negligence is for the jury, where the evidence tends to show that at the time of the accident plaintiff was carrying a bucket filled with eggs; that she had not used the sidewalk for two or three years before the accident; that the sidewalk was apparently safe until stepped upon; that the break was an old one as indicated by a fracture; that many pedestrians had noticed the defect a number of times; that there had been no change in its condition for several months; and that the accident happened at about eleven o'clock in the forenoon on a day in June.

228, (1918).] Statement of Facts—Opinion of the Court.

Argued April 25, 1918.    Appeal, No. 101 and 102, April T., 1918, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 1597, on verdict for plaintiff in case of Alice A. Dunn and William Dunn v. West View Borough.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ.. Affirmed.

Trespass to recover damages for personal injuries. Before COHEN, J.

At the trial the jury returned a verdict for William Dunn for $800, and for Alice K. Dunn for $2,500.   Judgment was entered for $400 for the husband and $1,500 for the wife, all above these amounts having been remitted.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*A. C. Johnston,* with him *Frank I. Gollmar,* for appellant.

*Lawrence B. Cook,* with him *George P. Henning,* for appellee.

OPINION BY ORLADY, P. J., July 10, 1918:

An action of trespass was brought by the husband and wife and verdicts recovered against the defendant borough in the court below.   Separate appeals were taken, which are considered together, the cases having been disposed of by the same jury.

The wife was quite seriously injured while walking over a plank sidewalk in the borough, the immediate cause being the sinking down or dropping of a plank, so that she was thrown to the ground with resultant injuries.   The sidewalk at this point consisted of two planks, each being twelve feet in length and one foot in width, and laid parallel.    At the ends and in the middle of the planks they were spiked to stringers or cross pieces laid

on the ground.   It is conceded that the sidewalk had been properly constructed; the only question affecting the liability of the borough, being the reasonable inspection which should have been given, by which it would have notice of the defective condition at the time of the accident.   The testimony and photograph exhibits indicate a diagonal break in a plank beginning eighteen inches from one end and extending across it three feet in length.   This break was between the stringers on which the planks were supported, so that in walking over it the broken end of the plank had no support, nor was there anything to indicate that it was unsafe or dangerous.   A number of witnesses were called to establish the respective contentions of the parties.   The disputed facts were such that the trial judge was warranted in stating, "Now, gentlemen, out of this mass of inconsistent, contradictory testimony you are to determine what was the real condition of the pavement at the time of the injury. For unless the borough knew, or had actual notice of the existence of the break in this boardwalk, there can be no recovery.......Or was there reasonable time, under all the evidence, that elapsed within which the borough should have become familiar with the condition of the pavement?   If there was, the plaintiff is entitled to recover provided, if she herself was not guilty of any negligence."

The disputed facts were so fairly presented to the jury that the only exception taken was to the refusal of the court to affirm the defendant's point for binding instructions.

The trials resulted in verdicts in favor of the husband for $800, and of the wife for $2,500, which on review were regarded as excessive as to both plaintiffs, and a new trial was ordered unless the plaintiffs would file a stipulation agreeing to reduce the verdicts to $400 for the husband, and $1,500 for the wife.   This was complied with and the judgments were entered for the smaller amounts.

We have carefully examined the testimony, and agree that the defendant's negligence, and the plaintiffs' contributory negligence were purely questions of fact for the jury to determine.   Her use of the pavement was not such that she should be held guilty of contributory negligence.   She was fifty-six years old, and carrying a bucket filled with eggs on her way to her home, on the first of June, about eleven o'clock in the forenoon, and had not used this sidewalk for two or three years before the accident, so that she was not familiar with its then condition.   All of the witnesses agree that until stepped upon, the sidewalk was apparently safe, and the jury was warranted in finding that the break was an old and not a recent one, as indicated by the fracture, that many pedestrians had noticed the defect a number of times, and that there was no change in its condition from the September previous to the time of the accident.

The disputed questions could not be decided by the court, they being questions of fact for the jury.   The cases were carefully tried by able counsel, and fairly submitted in an adequate charge.   The excessive verdicts were corrected on rehearing before the court, and we find no reversible error to warrant another submission.

The judgment is affirmed.