## Kilbride *v.* City of Philadelphia, Appellant (No. 1).

*Negligence—Municipalities—Defect in sidewalk.*

Persons walking on the pavements of a large city are not bound to exercise extraordinary care. Care according to the circumstances, is all the law enjoins. They have the right to assume that pavements are reasonably safe, and that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them.

Argued Oct. 16, 1918. Appeal, No. 158, Oct. T., 1918, by defendant, from judgment of C. P. No. 2, Philadelphia Co., September T., 1916, No. 2880, on verdict for plaintiff in case of Lillian M. Kilbride and Thomas C. Kilbride v. City of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for personal injuries. Before ROGERS, J.

The facts are stated in the opinion of the Superior Court.

198, (1919).] Statement of Facts—Opinion of the Court.

Verdict and judgment for plaintiffs for Thomas C. Kilbride $100 and for Lillian M. Kilbride $500 and judgment thereon.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Hugh McAnany, Jr.,* Assistant City Solicitor, and with him *Michael J. McHenry,* Assistant City Solicitor, and *John P. Connelly,* City Solicitor, for appellant.—The plaintiff was guilty of contributory negligence: Graham v. Philadelphia, 19 Pa. Superior Ct. 292 (1902) ; Easton v. Philadelphia, 26 Pa. Superior Ct. 517 (1904) ; Auberle v. McKeesport, 179 Pa. 321 (1897) ; Sickles v. Philadelphia, 209 Pa. 113 (1904) ; Kennedy v. Philadelphia, 220 Pa. 273 (1908) ; Bean v. Philadelphia, 260 Pa. 278 (1918) ; Tolan v. Philadelphia, 35 Pa. Superior Ct. 311 (1908).

To establish negligence it was necessary to show that the defendant had actual or constructive notice of the defective condition: Lohr v. Philipsburg Boro., 156 Pa. 246 (1893) ; Lindstrom v. Penna. Co., 212 Pa. 391 (1905).

*Francis M. McAdams,* and with him *Harry P. Felger,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

The defendant in this case offered no evidence.   The charge of the trial judge was so satisfactory that no exception was taken to it, the defendant presenting a single point, that under all of the evidence the verdict should be for the defendant, which was refused and the verdict was returned for the plaintiff.   The contention of the appellant now is, that the plaintiff, Lillian M. Kilbride, was guilty of such contributory negligence as to prevent her recovery.   Her testimony in describing the accident is very clear, and is corroborated by several witnesses called in her behalf.   She was called suddenly

from her home on an errand of mercy about seven p. m.—
when it was twilight—quite dark—to go to a home on
the opposite side of the street from her residence. When
she stepped from the roadway to the curb her foot went
into a hole in the cement pavement, about five inches
wide and three and a half inches deep, located one foot
from the edge of the curb, caused by the absence of the
top of a vent pipe and the breaking of the cement around
it. She did not know of the existence of this hole in the
pavement prior to the accident, and other witnesses tes-
tified it had existed for a couple of weeks prior thereto.
The testimony clearly shows that she was not using the
pavement in a careless or indifferent manner. His own
words are "I was looking right ahead, quite a distance,
as far as I could see, where I was going. I kept my eyes
ahead, quite a distance ahead, watching where I was go-
ing. There was nothing between me and the defect in
the pavement before I stepped on to it. I did not notice
it. I went just across the street." Bruch v. Philadel-
phia, 181 Pa. 588, is a conclusive answer to the appel-
lant's contention. The plaintiff in that case, while walk-
ing on a pavement stepped into a hole and received in-
juries. He did not see the hole until he fell into it, and
when he got up he saw, and could then see it only by look-
ing carefully,—the court saying, "This is the identical
experience of the most careful man who has met with
such an accident. In the exercise of ordinary care he
does not see a peril, otherwise he would avoid it; he
falls into an excavation, crawls out, and by looking care-
fully, with all his senses quickened by the mishap, he sees
and realizes the cause. By the exercise of extraordinary
care before the accident he might have discovered that
which was not ordinarily observable. But, the public
walking on the pavements of a large city, are not bound
to exercise extraordinary care; care according to the
circumstances, is all the law enjoins. They have the
right to assume the pavements are reasonably safe, and

that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them.

The case was carefully tried, and we find no reversible error in the record.

The judgment is affirmed.