# Davis v. Shenandoah Borough, Appellant.

*Negligence—Boroughs — Sidewalk — Pedestrian — Stepping on dangerous brick—Notice—Constructive notice—Contributory negligence—Case for jury—Evidence.*

1. A borough is not an insurer against accidents and is bound to use only ordinary care to maintain its sidewalks in a reasonably safe condition for public use.

2. It is not necessary that a sidewalk be kept in perfect repair, or with an entirely smooth surface; but whether it is reasonably safe is a question for the jury.          ·

3. Where a sidewalk has been left in open and notoriously bad condition for several years, the borough will be charged with notice of its condition.

4. A municipality is presumed to know what is generally observable by people who use the walk.

5. Where a pedestrian fifty years old without knowledge of the condition of a walk, and who does not know that bricks therein would give way under her feet, steps upon a defective brick, not obviously dangerous, and is injured, she cannot be charged as a matter of law with contributory negligence.

*Negligence—Practice, C. P.—Amendment—Cause of action.*

6. In a negligence case against a borough for personal injuries caused by a fall on a defective sidewalk, the plaintiff may amend her statement after the two-year statute of limitation has run so as to aver a brick in place of a stone as the object with which her foot came in contact.

*Negligence—Boroughs—Defective sidewalk—Evidence — Photographs.*

7. In a case against a borough for personal injuries resulting from a fall on a defective sidewalk, plaintiff may show by photographs the condition of the walk, especially as bearing upon the subject of notice, and she is not limited to the one particular brick upon which she stepped.

*Appeals—Reasons of opinion—Refusing judgment n. o. v.—Refusal to grant nonsuit—Not assignable for error.*

8. The reasons in an opinion refusing a motion for judgment n. o. v. are not assignable for error.

9. The refusal to grant a compulsory nonsuit is not assignable for error.

Argued February 13, 1922. Appeal, No. 189, Jan. T., 1922, by defendant, from judgment of C. P. Schuylkill Co., March T., 1918, No. 143, on verdict for plaintiff, in case of Annie Davis v. Shenandoah Borough. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,477.90. Defendant appealed.

*Errors assigned,* were, inter alia, (2) rulings as to photographs, (3) permitting amendment, mentioned in the opinion of the Supreme Court, and (3) refusal of motion for judgment for defendant n. o. v., quoting the record.

*John F. Whalen* and *James J. Bell,* with them *Luther B. Edwards,* for appellant, cited: Burns v. Bradford,

137 Pa. 361; Morris v. Phila., 195 Pa. 372; Lohr v. Boro., 156 Pa. 246.

*P. H. Burke,* for appellee.

OPINION BY MR. JUSTICE WALLING, April 10, 1922:

This appeal by the defendant borough is from a judgment in favor of the plaintiff, Miss Annie Davis, in an action for personal injuries sustained by falling upon a sidewalk on the east side of Gilbert Street, near Cherry Street, in said borough. At the place of accident there had formerly been a brick walk which had largely disappeared, leaving occasionally a brick or stone resting upon or imbedded in the earth, added to which were roots of trees and a general uneven surface, while recent rains and frost had left the ground wet and soft. It was on a main street of a populous borough, and as plaintiff was passing along this walk, on March 22, 1917, she stepped upon a brick, to keep out of the mud, and it tilted or turned under her foot, whereby she was thrown and seriously hurt. This brick was imbedded in the ground and there was nothing to indicate it was unstable.

A borough is not an insurer against accidents and is only bound to use ordinary care to maintain its walks in a reasonably safe condition for public use. Whether this walk was such was for the jury. True, it is not necessary that a walk be kept in perfect repair or with an entirely smooth surface (Purcell v. Riebe, 227 Pa. 503); but considering the numerous defects, including the unstable character of the bricks and stones, when stepped upon, it cannot be declared as a matter of law that this was a reasonably safe walk. Nor can it be declared that such an injury as complained of was not the natural and probable consequence of the dilapidated condition in which this walk was suffered to remain.

There is here no question of notice, for the walk had been for years in the same open and notoriously bad condition, which was shown, inter alia, by the testimony of

the man who had been chief burgess at the time. Moreover, where such defects are of long standing, a municipality is presumed to know what is generally observable by people who use the walk: see Lohr v. Phillipsburg Borough, 156 Pa. 246. This is not the case of a latent defect in one brick (Morris v. Phila., 195 Pa. 372), but of patent defects in the entire walk. However, it cannot be affirmed as a legal conclusion that the walk was so imminently and immediately dangerous as to render the traveler thereon per se guilty of contributory negligence: see Steck v. City of Allegheny, 213 Pa. 573. The evidence warranted a finding that plaintiff, although a resident of the neighborhood, had not passed over this walk in five years and was without knowledge of its condition. Of course, as it was daylight, she could see many of the defects, but she did not know the bricks would give way under her feet, and a person is not guilty of contributory negligence when injured by a defect of which he is ignorant: Steck v. City of Allegheny, supra; McKelvey v. Juniata Borough, 265 Pa. 56. While a pedestrian is required to see where he is walking (Lerner v. City of Phila., 221 Pa. 294; Dunn v. West View Boro., 70 Pa. Superior Ct. 228), he is bound to use only ordinary care. Plaintiff, then fifty years of age, was picking her way along, trying to keep out of the mud, and her conduct was for the jury to pass upon.

The trial court properly allowed plaintiff, after the two-year statute of limitations had run, to amend her statement of claim so as to aver a brick in place of a stone as the object with which her foot came in contact. The cause of action was the same whether she stepped on a flat stone or a brick: see Levin v. Clad & Sons, Inc., 244 Pa. 194; Phillips v. Erie Co. Elec. Co., 249 Pa. 445; Rick v. R. R. Co., 232 Pa. 553.

It was competent for plaintiff to show, by photographs or other evidence, the condition of the walk at the place in question, especially as bearing upon the subject of

notice, and she was not limited to the one particular brick, except as to the immediate cause of the accident.

The reasons given by the court below, in the opinion refusing defendant's motion for judgment n. o. v., are not assignable as error, nor is the refusal to grant a compulsory nonsuit.

The judgment is affirmed.