## Greene, Appellant, v. Philadelphia.

*Negligence—Municipalities — Defective sidewalk — Walking at night—Pedestrian—Contributory negligence—Case for jury.*

1. A woman cannot be charged with contributory negligence in stepping into a hole at a dark place in a sidewalk at night, where two persons directly in front of her had passed the place in safety, and she testifies that she gave as close attention as any body would in walking along a street at night.

2. In such case the court cannot say, as matter of law, that plaintiff was bound to see the danger ahead of her; nor that she was bound to keep her eyes fastened on the ground continually in order to discover possible danger; nor that she was bound to abstain from conversation with those with whom she was walking.

3. All that was required was that she observe where and how she was going so as to avoid such dangers as ordinarily prudent persons would notice.

*Evidence—Conflicting statements in plaintiff's case—Function of jury to reconcile conflicting statements.*

4. Where in one part of plaintiff's testimony she is entitled to have the case submitted to the jury, and in another part she is not, it is for the jury to reconcile the conflicting statements and determine which shall prevail.

Argued January 14, 1924. Appeal, No. 65, Jan. T., 1924, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1919, No. 5211, refusing to take off nonsuit, in case of Emma L. Greene v. City of Philadelphia. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before BARTLETT, J. The opinion of the Supreme Court states the facts. Nonsuit. Refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*George H. Detweiler,* with him *J. Fred'k Jenkinson,* for appellant.—The case was for the jury: Bruch v.

Phila., 181 Pa. 588, 591; McHugh v. Kerr, 208 Pa. 225; Becker v. Phila., 212 Pa. 379; Goff v. Phila., 214 Pa. 172; Clark v. Phila. (No. 1), 46 Pa. Superior Ct. 253; Brown v. Milligan, 33 Pa. Superior Ct. 244; Walton v. Phila. (No. 1), 55 Pa. Superior Ct. 373; Kilbride v. Phila. (No. 1), 71 Pa. Superior Ct. 198; Butcher v. Phila., 202 Pa. 1.

*Harry S. Platowsky,* Assistant City Solicitor, with him *Bernard J. O'Connell,* Assistant City Solicitor, and *Joseph P. Gaffney,* City Solicitor, for appellee.—The nonsuit was proper: Strayline v. Phila., 15 Pa. Dist. R. 387; Robb v. Connellsville, 137 Pa. 42; Easton v. Phila., 26 Pa. Superior Ct. 517; Lerner v. Phila., 221 Pa. 294.

OPINION BY MR. JUSTICE FRAZER, February 11, 1924:

Plaintiff was injured by stepping into a hole in the sidewalk on which she was walking at night, on the east side of North Allison Street in the City of Philadelphia. The existence of a dangerous condition of the pavement for a period of from six to nine months was clearly shown and not denied, which established negligence of defendant. The trial judge entered a nonsuit on the ground of contributory negligence of plaintiff in failing to see the defect, which the court below subsequently refused to take off and this appeal followed.

The accident occurred at ten o'clock at night at a dark place of the street, the nearest light, a gas lamp, being located more than one hundred feet from the defective part of the pavement and behind plaintiff as she was walking with a friend, her two daughters being three or four feet in advance of her. It appears none of the parties saw the hole and the two ahead had passed it in safety when plaintiff stepped into it and fell. Plaintiff admitted she was engaged in conversation with her friend at the time and testified, in answer to the question whether she was paying attention to the sidewalk, "I do not suppose I was looking at it right close; we walked

like anybody would walk along the street because it was dark......Q. Were you paying close attention to where you were walking? A. As close attention I guess as anybody would walking along the street at night."

In entering a nonsuit the trial judge said the evidence of plaintiff failed to "show she was exercising the care which the law requires of a person walking along the street, nor does the testimony show, if she did exercise the care which the law requires, any reason why she should not have seen this defect." We cannot agree that, under the circumstances, appellant was negligent merely because she failed to see the hole in the sidewalk. It was dark and her two daughters, who were but a few feet directly in front of her, had passed over the place in safety. It may well be that in the darkness shown to exist at the time a person using reasonable care would fail to observe the depression. Had the accident happened in broad daylight a different situation would be presented. But, happening at night, it cannot be said, as matter of law, that plaintiff was bound to see the danger ahead of her. She had a right to assume the pavement was in a reasonably safe condition: Goff v. Phila., 214 Pa. 172. Nor was she bound to keep her eyes fastened on the ground continually in order to discover possible danger. All that was required was that she observe where and how she was going so as to avoid such dangers as ordinarily prudent persons would notice: Lerner v. Phila., 221 Pa. 294. Plaintiff's testimony that she was paying as close attention as "anybody would walking along the street at night" was ample to justify a finding that she was performing her full duty under the circumstances: Bruch v. Phila., 181 Pa. 588, 591. The fact that she was engaged in conversation at the same time with the person with whom she was walking did not necessarily warrant the conclusion that she was careless in not observing the pavement's faulty condition. We cannot undertake to suppress all conversation on the streets by pedestrians under penalty of

their being held guilty of contributory negligence if they should fail to observe at the same time a defect in the footwalk: Butcher v. Phila., 202 Pa. 1. Defendant lays particular stress on the following testimony of plaintiff on cross-examination: "Q. You were walking along feeling that the sidewalk was safe and were in conversation with the lady whom you were walking with without paying any particular attention to the sidewalk ahead of you. Is that correct? A. That is correct." Assuming this testimony, standing alone, would convict her of contributory negligence, other parts of her testimony fairly warrant the conclusion that she was exercising the care required under the circumstances and at the most would be subject to the rule that where in one part of plaintiff's testimony she is entitled to have the case submitted to the jury and in another part she is not, it is for the jury to reconcile the conflicting statements and determine which shall prevail: Cronmuller v. Evening Telegraph, 232 Pa. 14; Haas v. Erie R. R., 254 Pa. 235, 239.

The judgment is reversed and a new trial granted.