## Glatfelter *v.* Borough of North York, Appellant.

*Negligence—Boroughs—Sidewalks—Contributory negligence — Case for jury.*

In an action of trespass against a borough for injuries sustained by a fall on the edge of a perpendicular rise on a sidewalk, a verdict will be sustained, where the evidence established that the accident occurred about dusk; that plaintiff was unfamiliar with the premises and that he was looking ahead because of approaching automobiles.

In such case the exercise of care, according to the circumstances, does not require that a person walking along the sidewalk shall keep his vision glued to the sidewalk immediately in front of his toes; he must look where he is going and the duty is upon him to use reasonable care, to avoid collision with others whose right to use the sidewalk is equal to his own.

Argued March 12, 1925. Appeal, No. 27, March T., 1925, by defendant, from judgment of C. P. York Co., April T., 1923, No. 23, in the case of Isaac J. Glatfelter v. Borough of North York. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WANNER, P. J.

354    GLATFELTER v. NORTH YORK BOROUGH.

Statement of Facts—Opinion of the Court. [85 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of plaintiff in the sum of $700, and judgment thereon. Defendant appealed.

Errors assigned were various answers to points and the judgment of the court.

McClean Stock, and with him S. D. Wareheim, for appellant.

James G. Glessner, for appellee.

Opinion by Gawthrop, J., April 28, 1925:

Plaintiff, while walking along a cement sidewalk on North George Street, in the Borough of North York, when it was dusk, caught his foot on the edge of a perpendicular rise in the surface thereof extending across its entire width. He fell and sustained injuries which resulted in this suit against the borough. The latter appeals from the judgment entered on the verdict against it.

Plaintiff's evidence shows that when the borough laid a new curb at the corner of North George Street and Sixth Avenue, it tore up the cement in the sidewalk on North George Street near the curb at the corner and when it relaid the cement its elevation was from two and a half to three inches higher than the other part of the sidewalk, making a perpendicular rise extending across the pavement at a distance of eighteen or twenty inches from Sixth Avenue. Plaintiff did not live in the Borough of North York and there was no evidence of his knowledge of the condition of the sidewalk prior to the night of the accident. A few minutes before he fell he walked over the place where he was injured, in an opposite direction, but did not notice the difference in the levels of the different parts of the pavement. He testified that when he returned, carrying a pail of water,

he observed where he was going; that he "did not look down particularly" but "was looking ahead because there was machines coming and I was looking ahead so that I knew where I was going to and it was right at the intersection of the streets." He said that he did not notice the ridge or elevation and that "it was just dark, it was getting dusk." There was evidence that there was a street light at the middle of the intersection of the streets, but that there were trees which cast shadows on the sidewalk.

The first contention of the borough is that there was no evidence of its negligence. While the maintenance of the elevation of two and a half or three inches was not negligence per se, the court below could not declare as a matter of law that the sidewalk was reasonably safe. The rise or irregularity was not at the crossing or curb, but at a place where a pedestrian was not bound to expect the continuity or level of the pavement to be broken. A borough is only bound to use ordinary care to maintain its walks in a reasonably safe condition for public use. It is not necessary that a walk be kept in perfect repair or with an entirely smooth surface: Davis v. Shenandoah Borough, 273 Pa. 501. We think that the question whether under all the circumstances this sidewalk was maintained in a reasonably safe condition was for the jury.

The second contention is that plaintiff was guilty of contributory negligence as a matter of law. Little need be added to the following statement of the court below on this subject: "Although the above-stated evidence rather strongly indicates a want of care, on the part of the plaintiff at the time of the accident, the semidarkness of the evening, the shadows from the trees, and the diversion of the plaintiff's attention by the passing automobile, as he approached the curb, preparatory to crossing the street however, introduce such elements of uncertainty in the evidence of plaintiff's contributory negligence as required the court to send the case to the jury

on that question.   The case is, in our opinion, a close one on the facts, but they are not so clearly and entirely conclusive as to justify the court in substituting its own judgment of their weight, for that of the jury.   The law on this subject is too well settled to require the citation of authorities."   It is urged on behalf of the borough that plaintiff could have seen the obstruction in the sidewalk if he had looked, and that his own statement that he "perhaps did not look down particularly" required the court below to declare, as a matter of law, that he was guilty of contributory negligence.   To this we cannot agree.   As stated by Judge PORTER in Gorman and Gorman v. Phila., 82 Pa. Superior Ct. 136, 139, "the exercise of care according to the circumstances does not require that a person walking along the sidewalk of a city should keep his vision glued to the sidewalk immediately in front of his toes; he must look where he is going and the duty is upon him to exercise reasonable care to avoid collision with others whose right to use the sidewalk is equal to his own."   The fact that plaintiff was not looking at the part of the sidewalk upon which he was about to place his foot as he took each step was not sufficient to convict him of contributory negligence, because it must also appear that if he had looked he could not have helped seeing the danger: Clark v. Lancaster, 229 Pa. 161.   Care according to the circumstances, not extraordinary care, is all the law enjoins.

The third contention is that there was a variance between the allegata and the probata.   It is based upon the fact that plaintiff was permitted to prove that it was dark at the time of the accident and that for that reason he was unable to see the obstruction over which he tripped.   The statement of claim averred that the accident happened "on the 29th day of May, 1922, about 8 : 30 o'clock p. m."   It requires neither discussion nor the citation of authorities to support the conclusion that this point is entirely devoid of merit.

All of the assignments of error are overruled, and the judgment is affirmed.