# Reichard, Appellant, *v.* Bangor Borough.

*Negligence—Boroughs — Excavation in streets — Streets under repairs—Independent contractor—Duty of borough to maintain safe condition.*

1. Where a borough lets out a contract for the repair of a street, and the contractor is required to keep the street open, and the public is invited to use the thoroughfare, the borough is bound to see that the street is maintained in a reasonably safe condition for both pedestrain use and vehicular travel.

2. If it fails to do so, and a person is injured in consequence, it is liable for the injuries.

3. Such a case is different from that in which the borough turns over the street to the exclusive control and charge of the contractor with power to close it to traffic, in which latter case the borough is not liable to pedestrians.

Argued February 1, 1926. Appeal, No. 25, Jan. T., 1926, by plaintiff, from judgment of C. P. Northampton Co., April T., 1924, No. 25, on directed verdict for defendant, in case of Minnie E. Reichard v. Bangor Borough. Before MOSCHZISKER, C. J., FRAZER, WALLING,

SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Trespass for personal injuries.   Before STOTZ, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant.   Plaintiff appealed.

*Error assigned* was, inter alia, direction for defendant, quoting record.

*J. W. Paff,* of *Smith & Paff,* for appellant.—It is the duty of a municipality to exercise supervision over its streets thrown open for travel to the public: Lohr v. Phillipsburg Boro., 156 Pa. 246; Koch v. Williamsport, 195 Pa. 488; Burger v. Phila., 196 Pa. 41; Meyers v. Phila., 217 Pa. 159; Norbeck v. Phila., 224 Pa. 30; Beloud v. Sayre, 56 Pa. Superior Ct. 215; Charles Eneu Johnson Co. v. Phila., 236 Pa. 510; Gerber v. Phila., 60 Pa. Superior Ct. 119.

*H. M. Hagerman,* for appellee.—The borough was not liable: Painter v. Pittsburgh, 46 Pa. 213; Scibilia v. Phila., 279 Pa. 549.

OPINION BY MR. JUSTICE FRAZER, March 15, 1926:

Plaintiff sued the Borough of Bangor, Northampton County, to recover damages for injuries sustained by her falling into an excavation made at a street crossing by a contractor employed by the borough to construct a sewer, the specific negligence charged being failure to provide proper guards or warning lights at the crossing. Ample testimony was given to show that neither lights nor guards were in place at the point of accident at the time plaintiff met with her injury; the court below, however, in charging the jury, stated the "only question before the court is whether or not the plaintiff has sued the right party," and being of opinion she had errone-

ously named the borough as defendant, directed a verdict in its favor, for the reason that, it having placed the work in the hands of a contractor, without reserving control over the manner in which the work should be performed, it was not responsible for injury resulting from negligence on the part of the contractor to persons lawfully using the street. Plaintiff appealed.

The contract provides, among its numerous provisions, that, in absence of permission to the contrary, "the material excavated from the trench and the materials of construction shall be so deposited and the work shall be so conducted as to leave open and free for pedestrian traffic all crosswalks, a space on each sidewalk not less than one-third of the width of the sidewalk, and for vehicular traffic a roadway not less than eight feet in width. All street hydrants, water gates and fire alarm boxes shall be kept accessible for use. During the progress of the work the contractor shall maintain crosswalks, sidewalks, and roadways in satisfactory condition, and the work shall at all times be so conducted as to cause a minimum of inconvenience to public travel, and to permit safe and convenient access to private and public property along the line of work.

"When required by the engineer, suitable fences and red lights shall be placed along the sides and ends of the trenches to keep the streets safe for traffic."

It was also agreed the work should be under the supervision of the borough engineer, who was given authority to inspect materials and work done, and see that all specifications were complied with, also to give the contractor lines, grades, etc. Under the conditions indicated above the case is not one where the street is turned over exclusively to the contractor with the right to close it to the public traffic during the period the construction work is progressing but, on the contrary, the agreement expressly stipulates the contractor shall maintain sidewalks and roadways in "satisfactory condition," which necessarily means to the proper borough authorities, so

as to cause a minimum of inconvenience to public traffic. These provisions clearly distinguish the present action from Painter v. Pittsburgh, 46 Pa. 213, relied on by the court below, and the long line of cases, following the principle there laid down, to the effect that a municipality is not liable for injury resulting from negligence of an independent contractor, engaged in the construction or repair of a street over which he has been given exclusive control or charge. On the contrary, this case comes directly within Norbeck v. Phila., 224 Pa. 30, and Chas. E. Johnson Company v. Phila., 236 Pa. 510, where this court held the rule permitting a municipality to shift to the contractor responsibility for negligence, does not apply where the latter, as in the present case, is required by the terms of his contract to keep the street open, and the public is invited to use the thoroughfare. Under an agreement of this character and the cases last referred to, an obligation is imposed upon the municipality to see that a highway under construction, repair or improvement is maintained in a reasonably safe condition for both pedestrian use and vehicular traffic.

The borough being a proper party defendant, and the testimony tending to establish negligence on its part, in failing to provide a reasonably safe crossing at the place plaintiff received her injury, as well as that offered to show contributory negligence on plaintiff's part, being conflicting, both questions should have been submitted to the jury under proper instructions.

The judgment of the court below is reversed and a new trial granted.