Woodsum et ux. *v.* McKeesport, Appellant.

Argued April 29, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harry M. Jones,* City Solicitor, for appellant.

*R. A. Hitchens,* for appellees.

OPINION BY BALDRIGE, J., July 18, 1935:

In this action in trespass an appeal was taken from the judgments obtained by the two plaintiffs against the city of McKeesport.

On the dark and cloudy evening of December 19, 1931, the wife plaintiff was walking along Atlantic Avenue toward a grocery store when she suddenly stepped into a depression or hole, was pitched forward so that her head was slightly in front of a building occupied by a shoemaker shop, and was injured. This hole was caused by 5 or 6 bricks missing from the sidewalk, and was about 2 inches deep at its perimeter, 5 or 6 inches at its center, and approximately 2 feet wide. The plaintiffs had lived in that neighborhood on the opposite side of the avenue some distance away for three months before the accident, but, under the wife's testimony, it was the first time she had passed over this sidewalk, and did not know of the existence of the hole. There was a small street light about 140 feet away and a light in the shoemaker shop, but as there were dark curtains at the bottom of the windows the light therein afforded no aid to a pedestrian to see the pavement. Mrs. Woodsum said that she was walking slowly, watching where she was going, and could see 8 or 10 feet ahead. In her cross-examination she testified as follows:

"Q. Why couldn't you see that hole? A. I just didn't see it. I just walked on and I stepped in it. Q. You were watching where you were going? A. I always do. Anybody walking along watches. Q. You were looking ahead? A. Yes, sir, I always do watch where I am going. Q. Then, why couldn't you have seen that? A. Well, I don't care how careful you are, you can have accidents."

The sole question involved is whether the wife plaintiff was guilty of contributory negligence.

Before this injured woman can be held guilty of contributory negligence, as a matter of law, it must appear clearly, so as to leave no doubt, that she, through carelessness, contributed to the accident, as every reasonable inference from the facts established by the evidence must be drawn in her favor: Coolbroth v. P. R. R., 209 Pa. 433, 58 A. 808; Powell v. Wilhelm, 49 Pa. Superior Ct. 268. If the negligence may simply be presumed, its determination rests distinctively with the jury. If this accident had occurred in broad daylight, the burden would have rested on the plaintiffs to show conditions which prevented the wife plaintiff's seeing the defect: Lerner v. City of Philadelphia, 221 Pa. 294, 70 A. 755. But as it happened at night, with a lack of lighting facilities, it can not be unequivocally stated that if she had looked she necessarily would have seen the danger. In Clark v. Lancaster, 229 Pa. 161, 163, 78 A. 86, the court said: "Nothing said in Lerner v. Philadelphia conflicts with the rule that the negligence of a plaintiff, contributing to the injury complained of, is a matter of defense, and ordinarily the burden of proving it is on the defendant." See, also, Bowman et al. v. Stouman, 292 Pa. 293, 141 A. 41. Whether the wife plaintiff could have perceived this hole in the darkness was a question of fact, not of law.

In Gorman & Gorman v. Philadelphia, 82 Pa. Superior Ct. 136, plaintiff, in the evening when it was dark, passed from a store onto the sidewalk. After taking two or three steps, she fell as a result of a hole in the sidewalk, and was injured. She testified that she had looked just the same as when she went over any other pavement, and indicated that her vision was on the sidewalk about 15 feet in front of her. We said there (p. 139), in affirming the judgments, that "the exercise of care according to the circumstances does not require

that a person walking along the sidewalk of a city should keep his vision glued to the sidewalk immediately in front of his toes." See, also, Tolan v. Phila., 35 Pa. Superior Ct. 311.

In Bruch v. Philadelphia, 181 Pa. 588, 37 A. 818, the plaintiff testified that as he was walking along at night he was not looking out, around or about in any way, but was "minding my own business." The court, in holding that this testimony did not amount to contributory negligence, stated (p. 591): "That business just then was to look where he was going, and that degree of care is all the law required."

Cases cited by appellant are readily distinguishable from the case at bar, as either the accident happened in daylight or there was an admission that the defect or obstruction could have been seen if the plaintiff had looked.

Judge ELDER W. MARSHALL, in his opinion overruling motions for a new trial and judgment n. o. v., in answer to the argument that since Mrs. Woodsum admittedly was able to see ahead for a distance of 8 or 10 feet she must have seen the hole had she been attentive, and, therefore, was guilty of contributory negligence, very aptly said: "There are two sufficient answers to this contention. In the first place, it does not necessarily follow that because one can 'see ahead,' in the nighttime, for a stated distance, he can see an existing depression, as distinguished from an obstruction, within such distance. The expression 'see ahead' is somewhat ambiguous and Mrs. Woodsum was not asked whether she intended it to include a distinct view of the surface of the pavement or to relate simply to the general outlook before her. Secondly, the testimony is explicit that she did not see the hole, notwithstanding her range of vision and the fact that she was looking down at the pavement as she proceeded."

Our conclusion is that the facts did not disclose so

plainly that the wife plaintiff was guilty of contributory negligence that the court should have said so as a matter of law.

Judgments are affirmed.