Brinkos et ux. *v.* McKeesport City, Appellant.

Argued May 1, 1939. 

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Harry M. Jones,* for appellant.

*R. A. Hitchens,* with him *N. A. Calhoun,* for appellee.

OPINION BY BALDRIGE, J., July 13, 1939:

This action in trespass is by a husband and wife against the defendant to recover for injuries sustained by the wife-plaintiff.

Mulberry Street, in the city of McKeesport, is twenty-five feet wide and is without sidewalks. Mrs. Brinkos, on the morning of May 27, 1932, went to O. H. Gisser's grocery store, which abuts on that street. To enter the store it was necessary to use two steps extending up from and out on the street. Workmen were engaged in repairing the cartway and, in removing the bricks from under the steps, they loosened the lower one, which

had been fastened to the other step, and placed it on loose bricks at each end, without fastening or bracing it. The woman safely entered the store, made her purchases, and in coming out, when she placed her feet on the lower step, it tilted, causing her to fall and sustain physical injuries.

The trial resulted in verdicts of $500 for the husband and $1,000 for the wife. Two verdict fees were paid but only one judgment was entered. The Act of May 8, 1895, P. L. 54, §2 (12 PS §1622), provides that in actions by husband and wife for an injury to the person of the wife, wrongfully inflicted upon her, separate verdicts shall be rendered, one determining the right of the wife; the other, the right of the husband, and separate judgments shall be entered thereon. From each judgment an appeal must be taken.

In the present case we have but one judgment and one appeal. We will overlook the erroneous practice that was followed by the prothonotary in entering but one judgment, notwithstanding there were two verdicts, as this omission was not raised by the appellees.

The appellant's defense is threefold. It asserts that it is not liable as there was no proof of any negligence, or that it was doing this repair work, and, further, the evidence shows that Mrs. Brinkos was guilty of contributory negligence.

Whether reasonable care was exercised by the party responsible in providing a temporary step in the manner above described was so clearly an issue of fact for the jury that it requires no discussion.

A more important problem before us is whether the work was being done by and under the exclusive supervision of Allegheny County, as appellant contends.

The Act of June 12, 1919, P. L. 450, as amended by the Acts of March 10, 1921, P. L. 26, and May 8, 1929, P. L. 1651 (36 PS §411), provides that no county shall appropriate moneys for the improvement of a public highway (subject to certain exceptions which

are not involved), where the highway is to be improved *jointly* by the city and county, unless the city shall first petition the county commissioners, representing that the highway is in need of reconstruction or repair.

The city of McKeesport accordingly made application to the commissioners of Allegheny County for aid in paving and repaving some of its streets. Allegheny County, having appropriated a large sum of money for the purpose of paying for the employment of its citizens on public work, selected certain streets for repaving, including Mulberry Street in the city of McKeesport, and allocated therefor $5,920. The Allegheny County Commissioners designated the Allegheny County Emergency Relief Board as its agent to employ and pay the men on that job. The city of McKeesport furnished any new bricks that were necessary, supplied tools, did the hauling in connection with this improvement, and placed at the ends of the streets barricades which bore the name "City of McKeesport," which, admittedly, were for the sole purpose of preventing vehicles, not pedestrians, from using the street. There was evidence that Mr. Savage, appellant's engineer, visited the job at least once every day, and one of the foremen testified that he was employed through the mayor and the city engineer; that when he or any of the foremen wanted instructions as to the work, they consulted Savage.

Allowing pedestrians to use this street imposed the primary duty on the city to keep it in a reasonably safe condition for travel, and it cannot be relieved therefrom, except where neglect is occasioned by a contractor who has such exclusive control of the street as to authorize him to prohibit its use by the public. The city's obligation could not be avoided by simply placing the work in charge of an independent contractor or Allegheny County: *Scott v. Erie City*, 297 Pa. 344, 147 A. 68. If adequate precautions were not taken, and the duty of keeping the street in a safe condition was neglected, the injury resulting imposed a liability

on the city: *Brown v. Towanda Boro.*, 24 Pa. Superior Ct. 378; *Hass v. White Haven Boro.*, 54 Pa. Superior Ct. 75; *Norbeck v. Phila.*, 224 Pa. 30, 73 A. 179. In *Lawrence et ux. v. Scranton City*, 284 Pa. 215, 222, 130 A. 428, the Supreme Court, speaking through the present Chief Justice, held that it is the city's primary duty to keep its streets in travelable condition, and, where the public safety is concerned, this duty cannot be delegated to others. It is immaterial what creates the dangerous condition. It is the city that is responsible to travelers, even though the condition was brought about by third persons, notwithstanding they may be operating under permission from the city. To the same effect is *Reichard v. Bangor Boro.*, 286 Pa. 25, 132 A. 803.

The appellant places considerable reliance upon *Penna. R. R. Co. v. Allegheny County*, 324 Pa. 216, 188 A. 178. But in that case the contract provided that the independent contractor should have complete control of the highway to be improved, furnish necessary materials, and do all the work at his own risk, so that there was no joint undertaking or a street kept open for the benefit of the public, as here. Neither that case nor the others cited by appellant are in conflict with the principles applicable hereto.

While the defendant offered considerable testimony that the real supervision of the work was done solely by the engineers of Allegheny County, it is confronted with the Act of 1919 and its amendments, supra, which contemplate, as we have seen, that improvements to a public highway shall be made jointly by a city and county. Taking the terms of the statute, together with the proof of the appellant's participation in the work, we are led to the conclusion that the evidence was sufficient to establish a joint undertaking by the defendant and the county of Allegheny.

That brings us to the question of the wife-plaintiff's contributory negligence. She testified that the day in

question was the first she had been on the street since the repairs had been started, although she had frequently used it prior thereto. Before she can be held guilty of contributory negligence, it must appear so clear, as to leave no doubt, that she carelessly contributed to the accident. She is entitled to every reasonable inference under all the facts established. She stated that when she came out of the store, after she had made her purchases, she looked where she was going, noticed the step, and it "looked all right to me." Unquestionably, the duty was imposed upon her to use such care as is usual under similar circumstances by a careful person, that is, to look where she was going and to exercise reasonable diligence to avoid a dangerous hazard: *Miller v. Phila.*, 58 Pa. Superior Ct. 470; *Glatfelter v. North York Boro.*, 85 Pa. Superior Ct. 353; *Woodsum et ux. v. McKeesport*, 118 Pa. Superior Ct. 205, 179 A. 891; *Davis v. Shenandoah Boro.*, 273 Pa. 501, 117 A. 207. As stated in *Greene v. Phila.*, 279 Pa. 389, 391, 124 A. 134: "All that was required was that she observe where and how she was going so as to avoid such dangers as ordinarily prudent persons would notice."

It is true, as argued by appellant, that Mrs. Brinkos knew that the street was being repaired, but, as the city did not prohibit an entrance thereto and others were using the street with safety, notwithstanding the condition it was in, it was not for the court, but for the jury to determine whether the woman-plaintiff performed her duty in the exercise of care: *Steck v. City of Allegheny*, 213 Pa. 573, 576, 62 A. 1115. Under the facts presented, it does not appear that the danger confronting her was so obvious that it could be said as a matter of law that she was negligent.

No reason has been advanced which convinces us that the case was not correctly disposed of by the learned court below.

Judgment affirmed.