# Bisaillon *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Trolley cars—Contradictory statements of plaintiff —Case for jury.*

In an action of trespass to recover damages for personal injuries sustained in a collision with a trolley car, the case is for the jury where the evidence is conflicting as to the manner in which the accident occurred.

Where the evidence of the plaintiff is contradictory, and under one part of the testimony he is entitled to have his case submitted to a jury, and in another part is not, it is for the jury to consider the conflicting statements and determine which shall prevail.

In such case, it is error for the trial judge to charge "If the story is the way the plaintiff tells it he ought to have a verdict."

In any view of the testimony the questions of the negligence of the defendant and the contributory negligence of the plaintiff were for the jury. The testimony of the plaintiff was of such a character, even if true, as not to warrant the court as declaring as matter of law that the defendant was guilty of negligence, or that the plaintiff was not guilty of contributory negligence.

154 BISAILLON v. PHILA. RAPID TRANSIT CO., Appel.

Assignment of Error—Opinion of the Court. [84 Pa. Superior Ct.

Argued October 14, 1924. Appeal, No. 45, Oct. T., 1924, by defendant, from judgment of C. P., No. 4, Phila. Co., Dec. T., 1918, No. 1208, on verdict for plaintiff in the case of Joseph Bisaillon v. Phila. Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,000 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, refusal to grant a new trial and refusal of defendant's motion for judgment non obstante veredicto.

*Samuel S. Herman,* for appellant.

*Wm. O. Armstrong,* for appellee.

OPINION BY PORTER, J., December 12, 1924:

This is an action of trespass for personal injuries alleged to have been sustained by the plaintiff by reason of his coming into collision with a trolley car while a pedestrian on a public highway in Philadelphia. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The accident occurred when the plaintiff was crossing on foot from the west to the east side of Kensington Avenue at the north crossing of Adams Street, which is a small street running into Kensington Avenue from the east and there ending. It was not a stopping place of trolley cars. The testimony of the plaintiff, upon which alone he relied for recovery, contained statements which were flatly contradicted. There are two lines of car tracks upon the street, upon one of which cars run from

north to south and upon the other in the opposite direction. The plaintiff had crossed the southbound tracks and reached a point of safety on the space between the two lines of track, which space was upon the trial in the court below called the "dummy." The plaintiff testified that before starting to cross the street he saw a street car approaching on the northbound track, at a distance of about one hundred and eighty feet; that when he reached the "dummy" and took the first step over the westerly rail of the northbound track the street car was distant about forty or forty-five feet; that an automobile which had approached from the north on the westerly side of the street suddenly turned and passed in front of him to go eastward on Adams Street, thus preventing his crossing in front of the street car; that he then attempted to get back on to the "dummy," but could not get out of the way of the street car because of the presence of a truck moving from the north on the southbound track and that he was struck and knocked down by the street car. If this testimony was true, it may be that the street car ought to have been stopped if those operating it saw the peril in which the plaintiff was placed because of the emergency in time to prevent the accident: McMillan v. Strathmann, 264 Pa. 13, in which event the plaintiff might be entitled to have the question of the negligence of the defendant as well as that of his own contributory negligence in placing himself in the position of the peril submitted to the jury with proper instructions. The second and third specifications of error must for this reason be overruled.

In another part of his testimony, however, the plaintiff testified as follows: "Q. At the time you put one foot in that rail how far was the trolley car from you that was coming north? A. It was almost on top of me and as I was going across there was a machine stopped me and I had to step back. The minute I went to step back there was another machine back of me. So I was in a very bad predicament. So I stepped back this way and

the car struck me right on the shoulder." And again: "Q. How soon were you struck after you stepped on the track? A. How soon was I struck? Q. Immediately? A. It was just like lightning." If this testimony of the plaintiff was true he was guilty of contributory negligence and ought not to have been permitted to recover: Cunningham v. Phila. Rapid Transit Co., 240 Pa. 194. Notwithstanding these contradictory statements of the plaintiff the learned judge of the court below charged the jury as follows: "If the story is the way Mr. Bisaillon tells it, he ought to have a verdict," which portion of the charge is assigned for error. In any view of the testimony the questions of the negligence of the defendant and the contributory negligence of the plaintiff were questions for the jury. The testimony of the plaintiff was of such a character, even if true, as not to warrant the court in declaring as matter of law that the defendant was guilty of negligence or that the plaintiff was not guilty of contributory negligence; those were questions for the jury. Where in one part of the testimony of a plaintiff he is entitled to have the case submitted to the jury and in another part is not, it is for the jury to consider the conflicting statements and determine which shall prevail: Sloan v. Phila. & Reading Ry. Co., 225 Pa. 52; Greene v. Phila., 279 Pa. 389; Coleman v. Towanda Township, 42 Pa. Superior Ct. 146. The first specification of error is sustained.

The fourth assignment of error is to the refusal of the court below to grant a new trial. The testimony of the plaintiff as to the presence of an automobile and a truck at the place of the accident, which were so operated as to place him in a position of peril, was flatly contradicted by three disinterested witnesses, while that of the plaintiff stood alone. It is strongly urged that the plaintiff's account was so improbable as to be unworthy of belief. But the credibility of testimony is generally for the jury, and the remedy for a perverse verdict or one against the weight of the reasonable and properly credi-

ble evidence is a new trial, a remedy that ought to be freely applied whenever the verdict in the opinion of the court is perverse, in the sense that it goes beyond the limits of a reasonable difference of opinion upon the facts as proved or admitted. Whether this course should be followed is, however, a matter in which the judge of the court below, who sees the witnesses and hears their testimony, is wisely invested with a wide discretion. We cannot say that there was an abuse of such discretion in this instance and the fourth assignment of error is dismissed.

The judgment is reversed and a venire facias de novo awarded.