## Luderer v. Moore, Appellant.

Argued September 28, 1933. Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN,
JJ.

*Raymond E. Brown,* with him *Matthew A. Crawford,*
for appellant.

*Edward Friedman, Charles J. Margiotti* and *John E.
Evans, Sr.,* for appellee, were not heard.

PER CURIAM, November 27, 1933:

Defendant appeals from refusal of the court below to
sustain his motion for judgment non obstante veredicto
on a verdict in favor of plaintiff against him for injuries
received in an automobile accident.

The facts are practically undisputed. The accident
occurred on July 22, 1931, at 9 : 30 p. m., while defend-
ant, driving his sedan car, was returning to Punxsutaw-
ney from an automobile ride with plaintiff and three
other guests. The car was traveling on a descending
grade of 5.4 per cent, with a slight curve. Rain had
fallen during the evening and the macadam road was
wet. The car was at the time operated in free wheeling,
in other words, it was coasting, at a speed of about 40
miles an hour, and upon defendant's applying the hy-
draulic, four-wheel brakes, it skidded sharply to the left,

striking the left bank of the road and turning completely around, throwing two other guests who were riding with plaintiff on the back seat against her with such force as to severely and permanently injure her. The skidding of the car would not of itself establish negligence upon the part of defendant (Johnson v. American Reduction Co., 305 Pa. 537, 541), nor would the fact, standing alone, that the brakes were suddenly applied contrary to correct operation of the car, constitute negligence; both elements, however, were matters for the consideration of the jury under proper instructions, together with the other evidence in the case. Here, the skidding and braking were not the sole questions upon which defendant's negligence turned. The accident happened after dark; defendant was driving the car in free wheeling on a wet curved, downhill road at a speed of forty miles an hour. This situation, together with the skidding and braking, was clearly for consideration of the jury in determining whether or not defendant was negligent in operating his car, and was submitted by the trial judge in a charge free from error. There was no question of contributory negligence involved and the amount of the verdict was not objected to.

Judgment affirmed.