Goldenberg et al. *v.* Philadelphia Rural Transit Company, Appellant.

Argued October 5, 1933.

Before KEL-

LEE, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*George Henry Hufft,* and with him *Bernard J. O'Connell,* for appellant.—The skidding of a vehicle does not of itself establish or constitute negligence: Riley v. Wooden, 310 Pa. 449; Johnson v. American Reduction Company, 305 Pa. 537; Hatch v. Robinson, 99 Pa. Superior Ct. 141.

*Milford J. Meyer,* and with him *Robert M. Bernstein,* for appellees, cited: Leonard Co. v. Scranton Bottling Co., 90 Pa. Superior Ct. 360; Griffith v. Simrell & Son Co., 304 Pa. 165.

OPINION BY CUNNINGHAM, J., February 1, 1934:

Plaintiffs, husband and wife, have verdicts and judgments thereon for $603.75 and $1,000, respectively, as damages for personal injuries suffered by the wife in an automobile accident and for medical and surgical expenses incurred by the husband, together with the cost of repairs to his automobile. Defendant's motions for a new trial and judgment n. o. v. having been overruled, it has taken these appeals from the judgments entered upon the respective verdicts; they will be disposed of in one opinion.

About 9:30 o'clock on the night of April 22, 1931, the husband plaintiff, with his wife and their baby sitting beside him, and his father-in-law in the rear, was driving his automobile east on Louden Street in the City of Philadelphia toward its intersection with Tenth Street, running north and south. Each street is thirty-four feet in width, from curb to curb; the night was wet and the cartways slippery. Two irreconcilably conflicting versions of the accident were before the jury. The husband plaintiff, corroborated by his wife and her father, testified that as he approached Tenth Street he saw defendant's bus coming south on that street; that it was then approximately fifty feet north of the intersection; that he stopped his automobile, when its front bumper was only about two feet beyond the west curb of Tenth Street, to let the bus continue on its way south; that as the bus, traveling at a rate of about twenty-five miles per hour, reached the middle of the intersection, about fifteen feet from his car, the driver applied his brakes thereby causing the rear end of the bus to skid toward, and collide with, the front of his standing car; that the impact threw his wife between the steering wheel and windshield of his automobile, bruising her, inflicting internal injuries, and rendering her unconscious; and that his car was dragged by the bus around the corner and into Tenth Street.

The testimony of the driver of the bus, also corroborated by two witnesses, was to the effect that as he came south on Tenth Street his speed did not exceed ten miles per hour; that he did not see any car in Louden west of Tenth, but when the rear of the bus was passing the south curb line of Louden he heard and felt the automobile strike it; that he stopped, within a few feet, and found that the left front of the bumper of the automobile "was hooked on to the rear bumper of the bus;" that he did not

apply his brakes as he passed through the intersection; and that the bus did not skid.

The medical testimony relative to the nature, extent and effect of the injuries to the wife plaintiff was also conflicting.

The case was necessarily for the jury and the assignments of error, covered by the statement of questions involved, relate to the refusal of the trial judge to affirm defendant's first point, the refusal of its point for binding instructions, and the dismissal of its motions for judgment n. o. v., or a new trial.

Defendant's first point read: "If you find that the collision was caused solely by the skidding of defendant's bus, your verdict must be in favor of the defendant."

When all the testimony on behalf of plaintiffs is taken into consideration, we think the trial judge was justified in declining to affirm the point. It was evidently based upon the theory that even if the jury did not believe defendant's driver, when he said he did not apply the brakes and the bus did not skid, there could still be no recovery, because the testimony of the husband plaintiff was that the collision resulted from the skidding.

True, it has been held repeatedly that the sudden skidding of a vehicle does not, of itself, establish or constitute negligence; but it is equally true that when the skidding is attributable to the negligent operation of the vehicle the principle is not applicable. It was charged in the statement in this case that defendant's driver did not have the bus under proper control and that he failed to operate it with "due regard for the rights, safety and position," of the plaintiffs. They had the burden of showing that the skidding resulted from the negligence of defendant's driver, and the question here is whether, looking at the testimony in the light most favorable to them, it was sufficient to

support a finding by a jury that the skidding was due to the negligent operation of the bus.

Circumstances proper for consideration were: the condition of the cartways at the intersection, the position of plaintiffs' automobile—bearing in mind that the rights of the drivers of the respective vehicles at the crossing were mutual, and each was bound to use such care, in view of the presence of the other, as the circumstances required—the speed at which the bus was traveling, the effect upon it of the application of the brakes in the manner in which they were applied, the distance it traveled after the collision, and the position of both vehicles when the bus was stopped. See Schoepp v. Gerety, 263 Pa. 538, 107 A. 317, and Leonard Company v. Scranton Bottling Company, 90 Pa. Superior Ct. 360; and the recent case of Luderer v. Moore, 313 Pa. 71, 169 A. 106. Ordinarily, the measure of duty, the degree of care and correspondent liability, are to be determined by the jury in the light of the surrounding circumstances: Van Winckler v. Morris, 46 Pa. Superior Ct. 142. In addition to the testimony on behalf of the plaintiffs, there was, for the consideration of the jury, the statement of defendant's driver that it was raining and the streets were wet, and that the lights of plaintiffs' automobile were still burning after the collision.

There was, we think, ample evidence from which a jury could reasonably find that as defendant's driver approached the intersection he must have seen, if he looked west, as he was bound to do in the exercise of ordinary care, the automobile occupied by plaintiffs, standing along the southern curb of Louden and at the western curb of the street upon which he was traveling. Under these circumstances, it was his duty to approach, and proceed across, the intersection with due regard for the rights and safety of plaintiffs; whether he did so, or not, was a question for the jury.

In submitting the case, the trial judge properly instructed the jury that drivers of motor vehicles are required to have them "under control at all times, and the greater the hazard, the condition of the streets, the elements, the greater the care imposed on both sides." What we have said about the refusal of the point, also disposes of the assignment to the denial of defendant's motion for judgment n. o. v.

The main ground urged for a new trial is the alleged excessiveness of the verdict in favor of the wife. The testimony discloses that prior to the accident she had suffered from a prolapsed uterus, an infected tube and chronic appendicitis, and had required hospital treatment incident to several pregnancies. Her testimony with reference to the effect of the injuries received in the collision was neither consistent nor frank, but there was medical testimony from which the jury could properly find that at the time of the accident she suffered injuries to the pelvic region which aggravated her chronic condition and confined her to bed for approximately a month. There was also medical evidence indicating that these injuries had caused considerable pain and suffering.

The verdict in favor of her husband was evidently the aggregate of various items paid, or for which he was liable, for repairs to his car, physician's and surgeon's bills, and extra servant's wages. The medical testimony and all other evidence was carefully submitted by the trial judge; we cannot say that his refusal to grant a new trial, upon the ground that the verdicts were excessive or perverse, amounted to such an abuse of discretion as to require interference by us.

Finding no reversible error upon this record, we overrule all the assignments.

The judgments are severally affirmed.