## Corse *v.* Ferguson, Appellant.

Argued April 25, 1935.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*H. Fred Mercer,* for appellant.

*Benjamin B. Crone,* of *Levy & Crone,* for appellee.

OPINION BY KELLER, P. J., July 18, 1935:

A Ford chassis, owned and driven by defendant, skidded while it was traveling down grade on the Perry highway and crashed into a truck coming in the opposite direction, driven by Joseph Giger, and injured the plaintiff, who was lawfully riding with Giger.

The defendant offered no testimony and appeals from the discharge of his rule for judgment non obstante veredicto.

He contends (1) that the evidence failed to convict him of negligence; (2) that the skidding of his car was not the proximate cause of the accident; (3) that the plaintiff was guilty of contributory negligence.

(1) It is admitted that the mere skidding of an automobile is not evidence of negligence; but there was testimony, which if believed, was sufficient to support a finding by the jury that the defendant, on a rainy day, traveled down hill at a speed, which was excessive in the circumstances present, when it was apparent, to one driving with reasonable care, that heavy rains had washed a red clay or shale from off the side of the

road onto the cement roadway, which rendered it very slippery for a distance of five hundred feet, and that defendant negligently went down grade and approached a curve at the foot of the hill at such speed as to cause him to leave the cement roadway at the curve and make two complete circles and part of a third one before he crashed into the truck in which plaintiff was riding. Under the cases, (inter alia, Smith v. Gross, 113 Pa. Superior Ct. 568, 173 A. 478; Van Winckler v. Morris, 46 Pa. Superior Ct. 142, 144; Healey v. Robertson, 101 Pa. Superior Ct. 342; Griffith v. Simrell, 304 Pa. 165, 168, 155 A. 299) the question of defendant's negligence was for the jury.

(2) The evidence does not clearly establish that Giger was guilty of negligence in not stopping his car sooner than he did; or in not choosing the best possible course to be taken by him, when placed in a position of sudden danger by defendant's negligence. Certainly the court could not rule as matter of law that he had acted negligently in the circumstances here present.

(3) But even if Giger was guilty of contributory negligence, that would not bar this plaintiff's right of recovery under the evidence in this case. The plaintiff was, it is true, a helper of Giger, but the evidence fails to show that he had any authority over the driver of the vehicle or joint control with him—that is, some right to a voice in the control, management and direction—of the vehicle. Without this authority over the driver, or joint control with him of the automobile, the 'joint enterprise' doctrine does not apply, and the driver's negligence will not be imputed to him: Carlson v. Erie R. R. Co., 305 Pa. 431, 158 A. 163; Johnson v. Hetrick, 300 Pa. 225, 150 A. 477; Ward v. Phila. R. T. Co., 117 Pa. Superior Ct. 120, 177 A. 485; McDougall v. Schaab, 117 Pa. Superior Ct. 285, 178 A. 168.

The judgment is affirmed.