## Matzasoszki *v.* Jacobson (et al., Appellant.)

Argued April 29, 1936.

Before KELLER, P.

J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Charles F. Patterson,* of *Patterson & Sherrard,* with him *Edwin M. Rhea,* of *Rhea, Grubbs, Ewing & Hay,* for appellant.

*H. Fred Mercer,* for appellee.

OPINION BY STADTFELD, J., July 10, 1936:

This is an appeal by defendant from the refusal of the lower court to enter judgment non obstante veredicto in an action of trespass for personal injuries wherein the jury rendered a verdict in favor of plaintiff. The facts are as follows: On March 8, 1934, about one o'clock in the afternoon, plaintiff, Joe Matzasoszki, an employee of the Carnegie Steel Company, was proceeding along a street now known as Seventh Avenue, leading from Hays Borough to West Homestead in Allegheny County. Matzasoszki, accompanied by a friend, Mike Gilgoban, was walking on the left-hand side of the street facing the approaching traffic. Defendant was driving a light truck in the same direction on the right-hand side of the street. Prior to the time of the accident, snow had been falling and the street was very icy and slippery. At the point where plaintiff was struck, there was no sidewalk on either side of the street and a double line of car tracks ran through the middle of the street. Plaintiff and his com-

panion saw defendant's car approaching them when it was at a distance of about sixty feet, but they paid no further attention to it and were unable to give any account of how the accident occurred. Defendant testified that he was proceeding slowly and cautiously with the left wheels of his truck in the dummy between the two car tracks; that he saw the plaintiff and his friend at a distance of at least 100 feet ahead of him and that in endeavoring to turn his machine to the right, out of the car tracks, the rear of the truck skidded to the left and struck the plaintiff. Defendant testified that he had three or four clips on each wheel of his automobile and that the same was in good condition; that he was proceeding up-hill very slowly; that his car stopped almost as soon as the men were hit. There were no eye witnesses to the accident other than the plaintiff, his friend Gilgoban, and the defendant. The testimony of one man who arrived on the scene shortly after the plaintiff was struck indicated that defendant's car came to a stop within ten feet of the plaintiff.

The court submitted the case to the jury to determine whether, under the circumstances, the defendant was using due care. The jury has resolved this question in favor of plaintiff. The sole question in this appeal is whether there was sufficient evidence of negligence on defendant's part to have warranted the trial judge in submitting the case to the jury. The court en banc overruled the motion for judgment n. o. v. in an opinion by ROWAND, J., stating: "We took the position at the time of the trial that the plaintiff had a perfect right to be where he was and was complying with the automobile code in walking against traffic. He was to the extreme left of the highway. The plaintiff being struck without any warning sound and knocked down as he was, we are of the opinion that this in itself was evidence of negligence and required an explanation from the defendant, and we submitted to

the jury whether the explanation relieved the defendant of responsibility. The jury by its finding has said that the defendant was guilty of negligence."

Defendant admitted: "...... it was raining and snowing. Then, later on in the morning, it froze and the streets were full of ice. ......" The icy street and the presence of the plaintiff on the highway, both of which facts the defendant admits he knew and appreciated, imposed upon him the duty of operating his car in such a manner as would not cause it to skid and go over to the opposite left hand curb and injure the plaintiff.

Appellant contends that there was no evidence of excessive speed or that the skidding of the car was the result of careless operation of the truck by defendant. A similar contention is answered by Mr. Justice SCHAFFER in Griffith v. V. A. Simrell & Son Co., 304 Pa. 165, 155 A. 299, wherein he says on pp. 168, 169: "...... But, says the defendant, the evidence shows that Bowie was not driving at a rate in excess of that which was lawful and there is nothing to show that the speed was excessive under the circumstances. Irrespective of any question of speed, we think the presumption of negligence arises where it appears that the driver of an automobile permits his car to deflect from its course and to dash or skid across a highway and injure a person on the sidewalk: Wallace v. Keystone Automobile Co., 239 Pa. 110. The testimony shows that the street was wet and slippery and that the driver was endeavoring to get the car out of the street car track. In so doing he was bound to take into account the slippery condition of the street and to reduce his speed to the point where he could control the movements of the car."

Likewise, in King v. Brillhart, 271 Pa. 301, 114 A. 515, Mr. Justice WALLING said: "True, the collision did not prove defendant's negligence (Flanigan v. McLean,

267 Pa. 553; Stearns v. Spinning Co., 184 Pa. 519), but the evidence was such as to require the submission of the question to the jury, who might have found that defendant came up behind the boys, who were in plain sight, and struck them without warning. To drive into a pedestrian, who is in full view and does not suddenly change his course, is evidence of negligence (Petrie v. E. A. Myers Co., 269 Pa. 134; Reese v. France, 62 Pa. Superior Ct. 128), as is also the failure to give him warning: Huddy on Automobiles (5th ed.), p. 533, sec. 432. The trial judge says the evidence tending to prove these facts was not worthy of credit, but that was for the jury. There was no evidence of excessive speed, but the facts and circumstances tend to show negligence in other respects. As stated in the opinion of the court, by Mr. Justice KEPHART, in Anderson v. Wood, 264 Pa. 98, 102, 'Speed is not the only element that enters into the question of negligence, and, regardless of it, a car may be under such imperfect control as to amount to negligent operation, and evidence (thereof) would sustain the charge of negligence.'

"There was no sidewalk and, in its absence, pedestrians' rights upon the paved roadway are equal to those of vehicles: Petrie v. E. A. Myers Co., supra. That a pedestrian fails to turn and look back while walking in the street, is not of itself sufficient to convict him of contributory negligence (Lamont v. Adams Express Co., 264 Pa. 17; Berry on the Law of Automobiles, 2d ed., sec. 217), and no other fact is here shown tending in that direction. So, the question of contributory negligence could not be decided as one of law. In fact, the trial judge did not rule the case against the plaintiff upon that ground." See also, Schoepp v. Gerety, 263 Pa. 538, 107 A. 317; Leonard Co. v. Scranton Bottling Co., 90 Pa. Superior Ct. 360.

There was evidence that when the defendant's car started to skid it was past the middle of the road and

on the side of the road devoted to traffic in the opposite direction,—this of itself may have caused the injury to plaintiff.

The testimony which raised a question for the jury to whom it was properly submitted, sustains the verdict.

The assignment of error is overruled and judgment affirmed.