Szvitih, Appellant, *v.* Doernte et al.

416

Argued September 30, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Carroll Caruthers,* with him *George Frich,* for appellant.

*Fred B. Trescher,* with him *Kunkle & Trescher,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 8, 1948:

Charles Szvitih, appellant, instituted this action in trespass against Harry Doernte, appellee, to recover damages for injuries sustained by him when the automobile in which he was a guest, operated by William A. Zundel, additional defendant and appellee, and a motor bus owned by Doernte and operated by his agent, skidded and collided as they approached each other on an icy curve. A jury returned a verdict in favor of Doernte and Zundel. Appellant's motion for a new trial was denied and judgment entered on the verdict. This appeal followed.

Appellant, Charles Szvitih, on January 25, 1946, was an invited guest passenger in the automobile operated by William A. Zundel. They were traveling north on the highway between West Newton and Sutersville, Westmoreland County. The highway was of blacktop macadam construction. At 11:30 A.M. they approached a sharp curve to the right. The road at this point was

approximately 18½ feet in width. There was no general icy condition of the roads but there were ice spots on the curve. The curve is sloped so that the inside of it is 18 inches lower than the outside berm. The Zundel car began skidding toward the center of the highway when he had almost negotiated the curve at an approximate speed of 12 to 15 miles per hour. It was then that both he and appellant for the first time saw Doernte's bus approaching about 10 feet away and skidding toward the Zundel car. Two seconds later, when the vehicles collided head-on, both had skidded over the center line of the highway. Neither appellant nor Zundel undertook to estimate the speed of the bus.

John Cole, operator of the bus, observed Zundel's approaching car skidding over the center of the highway and immediately applied his brakes. The wheels of the bus locked on the ice and the front of the bus skidded across the center of the highway. The bus was traveling at an approximate speed of 15 miles per hour.

Appellant contends that "the errors complained of relate solely to the charge of the Court." The fundamental portions of the charge concern skidding and excessive speed. The trial judge stated to the jury:

"Because a car skids doesn't necessarily mean that the driver of that car was negligent. When there is ice on the road or sometimes when there is mud on the road, or sometimes when there is neither ice nor mud but the macadam is slippery, cars will skid under the most expert drivers, so that the mere skidding of a car does not mean that there was negligence on the part of the driver.

"In this respect there doesn't seem to be any evidence in this case, so far as I can see, of excessive speed. The testimony on both sides of the case seems to be that both cars entered the curve and were traveling at the rate of twelve to fifteen miles per hour. Some witnesses make it as low as ten, some as high as fifteen, but we would not be able to say to you that fifteen miles

an hour in rounding that curve was an excessive rate of speed, so we don't think you would be justified in finding an excessive rate of speed for either one of these cars."

It will serve no useful purpose to recite the isolated sentences and portions of sentences which appellant has taken from the charge as an entirety. These cannot be considered apart from the context. To do so is not only unfair but misleading. The charge of the trial judge reveals numerous instances where he left to the jury the right and duty to determine the issue of negligence. For example (R. p. 196) : "All the witnesses seem to agree that the bus was just entering the curve and the explanation as to the skidding of the bus, as you will recollect, was given by the bus driver and the passengers that when the brakes were put on the bus, that caused it to skid. If that is what caused the skidding of the bus and that is what caused the accident, we say to you in our opinion the bus driver would not be liable for negligence, he would not be chargeable with negligence under those circumstances. However, it is a matter for you to determine, but you decide whether either or both cars skidded and what caused them to skid; was either one of them at fault? In other words was either one of them careless or negligent."

Again, after having discussed the testimony, the court said (R. p. 201) : "Now that raises a question of fact and the jury has to determine all facts in a case. We cannot help any on the facts because it is the duty of the jury to determine the facts from the testimony, reconcile it and find or determine what the true picture is, what the true statement of facts is. You take those facts from the witnesses and not from Counsel and not from us, because the law makes it your duty to recollect the testimony."

Careful analysis of the entire charge reveals that the factual issues were clearly presented and properly submitted to the jury. The trial judge stated: "So you will take that all into consideration and then if you find after giving due consideration to all the evidence that

the driver of the bus was negligent and that by reason of that negligence this plaintiff was injured, you would be justified in returning a verdict in favor of the plaintiff and against Harry Doernte. Also if you find that the driver of the Ford was negligent, was careless in the operation of that Ford and that by reason of that carelessness or that negligence the plaintiff here, Mr. Szvitih, was injured, you would be justified in finding a verdict against William A. Zundel."

Appellant relies upon *Eisenhower v. Hall's Motor Transit Company et al.,* 351 Pa. 200, 40 A. 2d 458; *Bertinelli et al. v. Galoni,* 331 Pa. 73, 200 A. 58; *Luderer v. Moore,* 313 Pa. 71, 169 A. 106; and *Griffith v. V. A. Simrell & Son Co.,* 304 Pa. 165, 169, 155 A. 299. It should be noted that the trial judge did not enter a compulsory nonsuit nor did the court en banc grant a motion for judgment *non obstante veredicto.* All the above-cited cases hold that under the facts involved there was sufficient evidence of negligence to permit a jury to so find. They do, however, all contain many facts in addition to those here presented. The trial judge, in permitting a jury to pass upon the question of negligence, accorded the greatest consideration for appellant in a case where the negligence of appellees was most doubtful. The verdict of the jury was a proper one.

Judgment affirmed.