DALGLEISH et ux. v. LEONARD et al. (DALGLEISH, Third-Party Defendant).

Civ. A. No. 9117.

United States District Court
W. D. Pennsylvania.

July 29, 1952.

Milton W. Lamproplos, of Smith, Buchanan & Ingersoll, Pittsburgh, Pa., for plaintiffs.

Avra N. Pershing, Jr., Henry B. Waltz, Jr., Greensburg, Pa., for defendants.

H. A. Robinson, of Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for third-party defendant.

MARSH, District Judge.

This action arose out of a collision between a tractor-trailer owned by the defendant, Leonard, now deceased, and driven by his employee, the defendant Dursa, and an automobile owned and driven by the plaintiff, John Dalgleish. The latter's wife and two daughters were passengers in the automobile, the wife being the only one who suffered serious injuries. John Dalgleish and Rose, his wife, brought joint actions against the estate of Leonard and against Dursa, and the actions were severed to allow the defendants to bring John Dalgleish on the record as a third-party defendant in the action brought by his wife. The actions were then consolidated for trial and submitted to the jury on a special verdict. The jury found, substantially, as follows: (1) negligence of Dursa was a proximate cause of injuries sustained by Rose Dalgleish and by John Dalgleish; (2) John Dalgleish was guilty of contributory negligence; (3) Rose Dalgleish was not contributorily negligent; (4) John Dalgleish and Rose Dalgleish sustained damages in the amounts of $2,000 each. Thereupon the court directed the Clerk to enter judgment in favor of Rose Dalgleish and against the original defendants in the sum of $2,000; in favor of the third-party plaintiffs and against John Dalgleish, third-party defendant, in the sum of $1,000; and in favor of the original defendants and against John Dalgleish, plaintiff. John Dalgleish, as third-party defendant, moved to have the verdict and judgment in favor of the third-party plaintiffs set aside and for the entry of judgment in his favor, or in the alternative, for a new trial. John Dalgleish, as plaintiff, moved to set aside the portion of the special verdict which found him contributorily negligent and the judgment entered thereon, and to have judgment entered in favor of John Dalgleish, plaintiff, against the original defendants in the amount of $2,000, and in the alternative, for a new trial on the issue of liability only. The case is now before the court on the foregoing motions.

The question to be decided is whether there was any evidence to support the jury's finding that John Dalgleish was negligent and that his negligence contributed to the injuries sustained by his wife and himself.

The accident occurred at about 9:30 A.M. on March 1, 1949, on the Pennsylvania Turnpike in Donegal Township, Westmoreland County, Pennsylvania. The three vehicles involved in the accident were proceeding westward along a slightly downgrade portion of the turnpike, each vehicle being on the inside westbound lane of the road. The first car was driven by Robert B. Fichter, who was not made a party to this action. Behind the Fichter car was the Dalgleish car, which was followed in turn by the defendant's tractor-trailer. The roadbed was covered with snow and ice. Visibility was fair although intermittently the wind threw up swirls of snow across the road. The Fichter car suddenly went into a skid and came to rest on the medial strip, the center portion of the highway dividing eastbound and westbound lanes. The Dalgleish car came to rest alongside the Fichter car; both cars were then facing south or southeast, when the tractor collided with the front left side of the Dalgleish car.

Dalgleish testified that the Fichter car "was directly across the inside lane, in my path, about five or six car lengths from me. When this happened I applied my brakes, decided then and there to get on the medial strip." Dalgleish could not state at what speed he was then traveling. Dursa stated that Dalgleish was traveling between 30 and 35 miles per hour. Dursa testified "Going down the hill * * * the two cars traveling in front of me, the first car [Fichter car] and the second car's [Dalgleish car] taillights came on in front * * *. When they did so, there happened to be a swirl of snow come up, which blocked my view of the two cars * * *. I did apply my brakes, found out the inside lane was slippy at that point. So I cut over to the medial strip. Then when I realized, I seen these two cars partial in the medial strip, I figured I had time enough to stop before I'd touch * * * Mr. Dalgleish's car, * * * the left side of my truck being inside the medial strip." Dursa testified that he was about 75 yards behind the Dalgleish car when its taillights came on and that after the cloud of snow had cleared he was about 50 yards from the Dalgleish car.

The testimony as to the position of the Dalgleish car was conflicting; that adduced by plaintiffs being that their car was completely on the medial strip and not blocking the highway; while Dursa testified that the rear of the Dalgleish car extended 4 or 5 feet into the inside westbound lane. Plaintiff argues that the position of the Dalgleish car is not material, since Dursa saw the car in such position when he was 150 feet to the rear and that Dursa's failure to bring the tractor-trailer to a stop within that distance [1] or to

otherwise avoid striking the Dalgleish car by passing it on its right [2] was the sole proximate cause of the collision as a matter of law.

Plaintiff also argues that there was no evidence to sustain the finding of the jury that John Dalgleish was negligent. The court is now inclined to agree with the plaintiff. If we view the testimony in the light most favorable to the defendant, as we are obliged to do, it appears that John Dalgleish followed the Fichter car down the highway at a distance of about 75 or 80 feet and at a speed of about 30 to 35 miles per hour. Suddenly the Fichter car went into a skid, sliding sideways down the road. Dalgleish applied his brakes and turned to the left toward the medial strip. The Fichter car came to a stop in the medial strip and Dalgleish brought his car to a stop alongside the former after making a slight contact with its left rear fender. Fichter testified by deposition that Dalgleish skidded into his car, but skidding in itself is not negligence.[3] Dalgleish stopped his car so that it partially blocked the left lane of traffic, but it is not negligence to momentarily stop a vehicle on a highway, for a legitimate purpose. What purpose could be more legitimate than to avoid an accident? It is true that if Dalgleish had not turned off the highway he probably would not have been involved in a collision, but when a man is faced with a sudden emergency, not of his own making, the law does not hold him strictly accountable for errors in judgment. It is unfortunate that he did not foresee that Dursa could not stop within 100 yards,[4] but he was not bound to anticipate the latter's

---

1. Dursa testified that he thought he could stop, but that his outfit went into a skid when he applied the brakes.

2. Dalgleish testified that at the time of the accident the outside westbound lane was blocked with stalled cars. Dursa testified that after the accident a tractor-trailer passed by on the right.

3. Richardson v. Patterson, 1951, 368 Pa. 495, 84 A.2d 342; Eisenhower v. Hall's Motor Express Co., 1945, 351 Pa. 200, 40 A.2d 458.

4. Dursa testified that at the time he saw the taillights light up he was about 225 feet behind Dalgleish. Dalgleish testified that he was 75 to 80 feet behind Fichter. Fichter, in his deposition taken by defendants, testified that he was traveling about 25 or 30 miles per hour when he began to skid, and on cross-examination he said he skidded for about five seconds and that the distance of the skid could have been as much as 100 feet. Thus, Dursa had 300 feet, plus the distance of the Fichter skid, within which to bring his truck to a stop.

negligence.[5] Seconds after he stopped, the tractor crashed into his car.

Thus, in our opinion, it was error to allow the jury to consider the question of whether or not John Dalgleish was negligent.

The motions for judgment of John Dalgleish as plaintiff and as third-party defendant will be granted.

If it should be decided on appeal that the court is in error in granting these motions, it is the opinion of the court that a new trial should be granted on the single issue of whether John Dalgleish was contributorily negligent, for the reason that the verdict in that respect is against the weight of the evidence.

An appropriate order will be entered.

5. Mulheirn v. Brown, 1936, 322 Pa. 171, 175, 185 A. 304; Wagner v. Philadelphia Rapid Transit Co., 1916, 252 Pa. 354, 359, 97 A. 471.